POWELL, Appellant,

v.

**THE TOLEDO BLADE COMPANY; City of Toledo, Appellee.** ▮

[Cite as *Powell v. The Toledo Blade Co.* (1994), 93 Ohio App.3d 341.]

Court of Appeals of Ohio,
Lucas County.

No. L–93–281.

Decided Feb. 25, 1994.

*George C. Rogers,* for appellant.

*Ralph J. Lewis,* for appellee, city of Toledo.

_____

HANDWORK, Judge.

This case is an accelerated appeal from the September 16, 1991 judgment of the Lucas County Court of Common Pleas, which granted summary judgment to appellee, the city of Toledo. Fred E. Powell, appellant, asserts the following assignment of error on appeal:

"The trial court erred in determining that the negligent furnishing of personnel information (albeit personnel information of a policeman) that causes harm to the employee is a 'governmental' function rather than a 'proprietary' function that is no different from the negligent furnishing of personnel information that causes harm to a private corporate employee and then determining that the City of Toledo was immune from liability under R.C. 2744.01 et seq. because it was performing a governmental function."

Appellant brought this action against the city of Toledo, asserting that it negligently furnished copies of appellant's photograph to The Toledo Blade. The Toledo Blade was initially named as a defendant in this action, but was subsequently dismissed.

The facts in this case are undisputed. The Toledo Blade published an article regarding improper actions of certain officers of the Toledo Police Department. Photographs of these officers appeared alongside the article. Fred A. Powell was one of the officers featured in the article. However, the photograph of Fred E. Powell appeared alongside the article.

In preparation of the article, the reporter had contacted Lieutenant Henry of the Toledo Police Department to arrange access to the officers' photographs, including the photograph of Officer Fred Powell. Lieutenant Henry notified the reporter that there were two officers on the police force named Fred Powell. The reporter verified that he needed the photograph of Fred A. Powell. A few days later, Sergeant Van Camp provided the reporter with envelopes containing photographs of the requested officers. The officer's name appeared on the outside of each envelope. A photograph was taken of Fred E. Powell's photograph, contained in an envelope labeled with the name Fred A. Powell.

Appellee filed a motion for summary judgment, asserting that it was immune from liability because of the grant of sovereign immunity under R.C. Chapter 2744. In response, appellant asserted that this case involved a proprietary function and thus an exception to the grant of sovereign immunity existed. The trial court agreed with appellee that the general grant of statutory immunity applied. It found that the operation of a police department, including its

employee records, is a governmental function. In addition, it also determined that the release of the photograph was a governmental function.

On appeal, appellant argues that the trial court erred in determining that this case involved a governmental function rather than a proprietary function.

R.C. 2744.02(A) provides generally that a political subdivision is immune from liability for injury or loss caused by any act or omission of the political subdivision or its employees in connection with a governmental or a proprietary function of the political subdivision. R.C. 2744.02(B) sets forth the exceptions to this general grant of immunity. One such exception is that a political subdivision is liable if the injury or loss is caused by the negligent act of an employee regarding a proprietary function of the political subdivision. R.C. 2744.02(B)(2).

A "proprietary function" is defined as a function which is not described as a governmental function under R.C. 2744.01(C)(1)(a) and (b), nor specifically delineated as a governmental function in R.C. 2744.01(C)(2). R.C. 2744.01(G)(1). The provision of police services is specifically identified as a governmental function under R.C. 2744.01(C)(2)(a). Since maintenance of employee personnel files is a routine procedure for any police department, it is a governmental function under the statute.

We find that appellant has failed to prove that an exception to the general grant of statutory immunity exists in this case. Accordingly, we find that the trial court properly granted summary judgment to appellees.

Appellant also argues that R.C. 2744.01 *et seq.* is unconstitutional. This issue was never raised in the trial court and will not be considered on appeal. *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, syllabus, and *Egan v. Natl. Distillers & Chem. Corp.* (1986), 25 Ohio St.3d 176, 25 OBR 243, 495 N.E.2d 904, syllabus.

Appellant's sole assignment of error is not well taken.

Accordingly, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is hereby ordered to pay the court costs incurred on appeal.

*Judgment affirmed.*

GLASSER and MELVIN L. RESNICK, JJ., concur.