[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 558.]

THE STATE OF OHIO, APPELLEE, *v*. THOMPKINS ET AL., APPELLANTS.

[Cite as *State v. Thompkins*, 1996-Ohio-264.]

*Criminal law—Drug offenses—R.C. 2925.03(M), 2925.11(F)(1) and 2925.23(H) do not violate the due process or equal protection provisions of the Ohio and United States Constitutions.*

R.C. 2925.03(M), 2925.11(F)(1) and 2925.23(H) do not violate the due process or equal protection provisions of the Ohio or United States Constitutions.

(No. 95-450—Submitted February 20, 1996—Decided 1996.)

APPEAL from the Court of Appeals for Montgomery County, Nos. 14851 et al.

———————————

{¶ 1} This appeal involves thirty-three cases which were consolidated by the Second District Court of Appeals. In each case, the Montgomery County Court of Common Pleas refused to impose a mandatory driver's license suspension for an individual convicted of a drug offense. Based upon its decision in *State v. DeVoise* (Dec. 30, 1994), Montgomery App. No. 14701, unreported, the appellate court reversed each case. The matter is now before this court upon an allowance of a discretionary appeal.

———————————

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *Carley J. Ingram*, Assistant Prosecuting Attorney, for appellee.

*Lynn G. Koeller*, Montgomery County Public Defender, *Anthony R. Cicero* and *Charles L. Grove*, Assistant Public Defenders, for appellants.

*Betty D. Montgomery,* Attorney General, *Jeffrey S. Sutton,* State Solicitor, and *Simon B. Karas,* Deputy Chief Counsel, urging affirmance for *amicus curiae, state of Ohio.*

———————————

**FRANCIS E. SWEENEY, SR., J.**

{¶ 2} At issue is the validity of R.C. 2925.03(M), 2925.11(F)(1) and 2925.23(H),[1] which mandate driver's license suspensions upon conviction for drug offenses. Each appellant in this consolidated appeal was subject to one of the three cited statutes. The appellants challenge the constitutionality of these statutes on due process and equal protection grounds.[2] For the following reasons, we reject their challenges. Accordingly, we affirm the judgments of the court of appeals.

{¶ 3} We begin our discussion with the premise that all statutes are presumed constitutional. The party challenging the statutes bears the burden of proving otherwise. *Arnold v. Cleveland* (1993), 67 Ohio St.3d 35, 38, 616 N.E.2d 163, 166; *Univ. Hts. v. O'Leary* (1981), 68 Ohio St.2d 130, 135, 22 O.O.3d 372, 375, 429 N.E.2d 148, 152. Further, the legislation being questioned will not be invalidated unless the challenger establishes that it is unconstitutional beyond a reasonable doubt. *Arnold* at 38-39, 616 N.E.2d at 166.

---

1. R.C. 2925.03(M) states in part:
"In addition to any other penalty imposed for a violation of this section, the court may revoke, and if it does not revoke the license, shall suspend for not less than six months nor more than five years, the driver's or commercial driver's license of any person who is convicted of or pleads guilty to a violation of this section that is a felony of the first degree and shall suspend for not less than six months nor more than five years the driver's or commercial driver's license of any person who is convicted of or pleads guilty to any other violation of this section ***."
R.C. 2925.11(F)(1) provides in part:
"In addition to any other penalty imposed for a violation of this section, the court shall suspend for not less than six months nor more than five years the driver's license or commercial driver's license of any person who is convicted of or pleads guilty to a violation of this section."
R.C. 2925.23(H) states in part:
"In addition to any other penalty imposed for a violation of this section, the court shall suspend for not less than six months nor more than five years the driver's or commercial driver's license of any person who is convicted of or has pleaded guilty to a violation of this section. ***"
2. The appellants also argue that the statutes in question were enacted pursuant to Section 159, Title 23, U.S. Code, which violates the Tenth Amendment to the United States Constitution. However, this issue was neither raised in the trial court, nor passed upon by the court of appeals. Therefore, it is not properly before us now. *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277.

{¶ 4} In challenging the statutes at issue, appellants contend that the mandatory license suspension provisions contained in these statutes violate their right to due process of the law pursuant to the Ohio and United States Constitutions. They make such an assertion because the laws at issue impose mandatory license suspensions upon all drug offenders regardless of whether a motor vehicle was used in the commission of the crime. Contrary to appellants' position, we believe that R.C. 2925.03(M), 2925.11(F)(1) and 2925.23(H) are a valid exercise of the General Assembly's police powers and find these statutes to be constitutional.

{¶ 5} Pursuant to its police powers, the General Assembly has the authority to enact laws defining criminal conduct and to prescribe its punishment. We recognize that this authority is not unfettered and that almost every exercise of the police power will necessarily interfere with the enjoyment of liberty or the acquisition or possession of property, or involve an injury to a person. See *Benjamin v. Columbus* (1957), 167 Ohio St. 103, 110, 4 O.O.2d 113, 117, 146 N.E.2d 854, 860. Nevertheless, laws passed by virtue of the police power will be upheld if they bear a real and substantial relation to the object sought to be obtained, namely, the health, safety, morals or general welfare of the public, and are not arbitrary, discriminatory, capricious or unreasonable. *Cincinnati v. Correll* (1943), 141 Ohio St. 535, 539, 26 O.O. 116, 118, 49 N.E.2d 412, 414. The federal test is similar. To determine whether such statutes are constitutional under federal scrutiny, we must decide if there is a rational relationship between the statute and its purpose. *Fabrey v. McDonald Village Police Dept.* (1994), 70 Ohio St.3d 351, 354, 639 N.E.2d 31, 34 citing *Martinez v. California* (1980), 444 U.S. 277, 283, 100 S.Ct. 553, 558, 62 L.Ed.2d 481, 488.

{¶ 6} The state and *amicus curiae* set forth several legislative goals for the enactments of the laws at issue. These goals include the desire to keep the highways clear of people who have demonstrated a willingness to abandon their physical and mental acuity to drugs, the desire to inhibit the ability to buy, sell, transport or use

controlled substances, and the need to address society's concern that drug offenses present a critical safety problem for which strong punishment is appropriate.

{¶ 7} We find a mandatory license suspension is rationally related to these goals. The mandatory suspension serves as an effective means to protect other drivers and passengers on the roads and to deter future drug use and punish offenders. It is immaterial that an automobile may not have been used in the commission of the crime. The General Assembly has chosen appropriate means to meet its goals. The laws at issue do not violate the due process of law guarantees of the Ohio or United States Constitutions.

{¶ 8} Appellants also challenge the statutes at issue on equal protection grounds under both the Ohio and United States Constitutions. The standard for determining if a statute violates equal protection is "essentially the same under state and federal law." *Fabrey, supra,* at 353, 639 N.E.2d at 33. "Under a traditional equal protection analysis, class distinctions in legislation are permissible if they bear some rational relationship to a legitimate governmental objective. Departures from traditional equal protection principles are permitted only when burdens upon suspect classifications or abridgments of fundamental rights are involved." *State ex rel. Vana v. Maple Hts. City Council* (1990), 54 Ohio St.3d 91, 92, 561 N.E.2d 909, 911, citing *Clements v. Fashing* (1982), 457 U.S. 957, 963, 102 S.Ct. 2836, 2843-2844, 73 L.Ed.2d 508, 516. Under rational-basis scrutiny, legislative distinctions are invalid only if they bear no relation to the state's goals and no ground can be conceived to justify them. *Fabrey* at 353, 639 N.E.2d at 33.

{¶ 9} Appellants argue that the classification created here includes all drug offenders, regardless of whether a motor vehicle was used in the commission of the offense. They contend that this class is subject to discrimination solely on the basis of the type of offense and they believe it is not rational to discriminate against this class for purposes of deterring the use of motor vehicles in drug crimes or simply deterring drug crimes.

**{¶ 10}** First, we question whether the statutes at issue create a classification at all. All drug offenders are treated equally under these statutes. The laws simply impose a penalty on persons who have been convicted of a drug crime. See *State v. DeVoise* (Dec. 30, 1994), Montgomery App. No. 14701, unreported (Grady, P.J., concurring, at 6). However, assuming a classification is found, we find that there is a rational basis for the legislation. As previously noted, these laws serve to punish drug offenders, to deter the future use of drugs, and to protect the health and welfare of society. Thus, the statutes at issue do not violate the equal protection guarantees of the Ohio or United States Constitutions.

**{¶ 11}** Accordingly, we hold that R.C. 2925.03(M), 2925.11(F)(1) and 2925.23(H) do not violate the due process or equal protection provisions of the Ohio or United States Constitutions.

**{¶ 12}** Finally, we note that by our decision today, we join other courts across this nation which have considered similar constitutional challenges to similar suspension statutes and have found such statutes constitutional. See, *e.g., People v. Zinn* (Colo.1993), 843 P.2d 1351; *Plowman v. Pennsylvania Dept. of Transp.* (1993), 535 Pa. 314, 635 A.2d 124; *Quiller v. Bowman* (1993), 262 Ga. 769, 425 S.E.2d 641; *Rushworth v. Registrar of Motor Vehicles* (1992), 413 Mass. 265, 596 N.E.2d 340; and *State v. Wolfe* (App.1995), 193 Wis.2d 641, 537 N.W.2d 435, 1995 WL 228329 (unpublished opinion).

*Judgments affirmed.*

MOYER, C.J., DOUGLAS, SUNDERMANN, RESNICK, PFEIFER and COOK, JJ., concur.

J. HOWARD SUNDERMANN, JR., J., of the First Appellate District, sitting for WRIGHT, J.

_____