**The STATE of Ohio, Appellant,**

**v.**

**BURDEN, Appellee.**

[Cite as *State v. Burden* (1996), 113 Ohio App.3d 524.]

Court of Appeals of Ohio,
Fourth District, Athens County.

No. 95CA1696.

Decided Aug. 16, 1996.

*Garry L. Hunter,* Athens Director of Law, and *David A. Trimmer,* Athens City Prosecuting Attorney, for appellant.

*Rolf Baumgartel,* Assistant State Public Defender, for appellee.

STEPHENSON, Judge.

This is an appeal by the state of Ohio from a judgment entered by the Athens County Municipal Court suspending a driver's license suspension previously imposed upon Ronald Burden, defendant-appellee, pursuant to R.C. 2925.14(H) following a no contest plea to a drug paraphernalia offense in violation of R.C. 2925.14(C)(1). The following errors are assigned:

"I. The trial court erred in suspending any part of a mandatory six-month license suspension after defendant pled no contest to the charge of possessing drug paraphernalia, R.C. 2925.14(C)(1).

"II. The trial court erred in suspending the mandatory six-month license suspension arising from a conviction for violating R.C. 2925.14(C)(1), 'drug paraphernalia,' based on insufficient nexus between the criminal offense and the penalty."

The facts pertinent to this appeal are the following. Appellee was observed either asleep or passed out on a couch in his home in Athens, Ohio. The police

entered and arrested appellee and charged him with possession of drug paraphernalia. He subsequently entered a plea of no contest to the charge and was found guilty. The court, over the state's objection, then sentenced appellee as follows:

"The Defendant is ordered to pay a fine of $250.00 [and] serve 30 days in the Athens County Jail. [The court] will order a 180 day license suspension. [T]he 30 day jail sentence will be suspended on the condition the Defendant be a law abiding citizen for a period of 2 years and obtain an alcohol evaluation from Health Recovery Services and abide by counseling recommendations for a period of 1 year. [T]he drug paraphernalia will by [sic] ordered destroyed. [T]he Court is imposing the 180 day license suspension but will suspend that license suspension since that offense had absolutely no nexus to the operation of a motor vehicle. [T]he facts indicate that the Defendant was asleep on the couch in his house. [I]t would be a violation of his privilege and right to operate a motor vehicle to impose such a suspension."

■ The two assignments of error are related and will be jointly considered. The principal issue is whether the court has the authority to modify a driver's license suspension imposed pursuant to R.C. 2925.14(H), which reads:

"In addition to any other penalty imposed for a violation of this section, the court shall suspend for not less than six months nor more than five years the driver's or commercial driver's license of any person who is convicted of or has pleaded guilty to a violation of this section. If the offender is a professionally licensed person or a person who has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules, in addition to any other penalty imposed for a violation of this section, the court forthwith shall comply with section 2925.38 of the Revised Code." (Effective July 1, 1996, the section appears as R.C. 2925.14[G] ).

We hold that the imposition of this driver's license suspension is mandatory, must be imposed by the trial court and may not thereafter be modified or suspended. That the General Assembly intended the suspension to be mandatory is reflected in the fact that prior to the enactment of Sub. H.B. No. 377, effective Sept. 30, 1993, R.C. 2925.14(H) provided that the court "may" suspend the driver's license. The amendment deleted "may" and inserted the word "shall." In *State ex rel. Mitman v. Williamson* (1916), 94 Ohio St. 296, 113 N.E. 831, the court stated in paragraph three of the syllabus as follows:

"When a section of an existing law is amended by the General Assembly by striking out therefrom 'may' and inserting in lieu thereof 'shall' a clear intent is manifested to thereby alter the directory nature of the law and render it mandatory."

■ The courts do not have inherent authority to suspend the execution of a sentence unless authorized by statute. *Akron v. Smith* (1992), 82 Ohio App.3d 57, 611 N.E.2d 435. We have not been directed to any statutory authority which would authorize the modification or suspension of the mandatory driver's license suspension pursuant to R.C. 2925.14(H). Manifestly a court may not lawfully evade the mandate of the statute by imposing a driver's license suspension and then immediately suspending it, as was done by the trial court.

■ Appellee's brief does not controvert appellant's argument, or the conclusion of this court, that a driver's license suspension is mandatory pursuant to R.C. 2925.14(H) for a 2925.14(C)(1) offense. Rather, appellee asserts various constitutional arguments that R.C. 2925.14(H) is invalid and unconstitutional. None of the constitutional arguments were raised by appellee in the trial court and, consequently, were not passed upon by that court except as to a due process ruling made *sua sponte* by the court. Four constitutional arguments are advanced in support of appellee's contention that R.C. 2925.14(H) is unconstitutional. The first two arguments assert that the statute is unconstitutional by reason of violating due process and equal protection rights of appellee.

In *State v. Thompkins* (1996), 75 Ohio St.3d 558, 664 N.E.2d 926, the court considered a claim that due process and equal protection rendered the mandatory driver's license suspension in drug cases following violation of R.C. 2925.03(M), 2925.11(F)(1) and 2925.23(H) unconstitutional. The court found no merit to that claim. The rationale therein applies with equal force to a similar suspension under R.C. 2925.14(H).

■ Appellee further asserts the unconstitutionality of R.C. 2925.14 upon the ground that it violates the constitutional prohibition against cruel and unusual punishment. In *State v. Smith* (May 5, 1995), Washington App. No. 94CA21, unreported, 1995 WL 271727, a majority of this court found that the prohibition was not violated by a suspension pursuant to R.C. 2925.14(H). The court stated:

"In the second assignment of error, appellant asserts that R.C. 2925.14(H) is unconstitutional as it violates the prohibition against cruel and unusual punishment. While the Eighth Amendment certainly prohibits barbaric and atrocious punishments, it also prohibits sentences which are disproportionate to the crime committed. *Solem v. Helm* (1983), 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637. Appellant maintains that a temporary revocation of his driving privileges for possessing drug paraphernalia is that type of disproportionality which is prohibited.

"The General Assembly carries the responsibility for defining criminal acts through statutory provisions and then prescribing the suitable punishments. The severity of the punishment for a certain kind of offense is originally a question for

the lawmaking authority, subject to constitutional limitations. *Hayner v. State* (1910), 83 Ohio St. 178, 191, 93 N.E. 900.

"A punishment does not violate the constitutional prohibition against cruel and unusual punishment 'unless it is so greatly disproportionate to the offense as to shock the sense of justice of the community.' *State v. Chaffin* (1972), 30 Ohio St.2d 13, 59 O.O.2d 51, 282 N.E.2d 46, paragraph three of the syllabus. In determining whether such gross disproportionality exists, reviewing courts should grant substantial deference to the broad authority possessed by the legislature in determining the types and limits of punishments for crimes. *Solem, supra,* [463 U.S.] at 290 [103 S.Ct. at 3009, 77 L.Ed.2d at 649]. The United States Supreme Court has noted that, 'successful challenges to the proportionality of a particular sentence [will be] exceedingly rare.' *Rummel v. Estelle* (1980), 445 U.S. 263, 272, 100 S.Ct. 1133, 1138, 63 L.Ed.2d 382, 390.

"In the case *sub judice,* the appellant was convicted of two drug-related offenses. This Court concludes that the resulting temporary loss of driving privileges does not rise to the level of disproportionality required to shock the community's sense of justice, nor does it interfere with any constitutional guarantees. For this reason, the second assignment of error is overruled."

■ A final claim is that R.C. 2925.14(H) is unconstitutional for the reason that "it was enacted pursuant to 23 U.S.C. Sec. 159, wherein the United States Congress exceeded its authority under the Spending Clause, Article I, Sec. 8, clause 1 of the United States Constitution, and violated the sovereignty of the citizens of Ohio guaranteed to them by the Tenth Amendment of the United States Constitution, and Sec. 20, Article I, of the Ohio Constitution."

The same argument was made in the Ohio Supreme Court in *Thompkins, supra,* 75 Ohio St.3d 558, 664 N.E.2d 926. The issue had not been raised in the trial court and while it may have been raised in the court of appeals, it was not passed on by the court of appeals. The Supreme Court stated at 560, 664 N.E.2d at 928, fn. 2, the following:

"The appellants also argue that the statutes in question were enacted pursuant to Section 159, Title 23, U.S.Code, which violates the Tenth Amendment to the United States Constitution. However, this issue was neither raised in the trial court, nor passed upon by the court of appeals. Therefore, it is not properly before us now. *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277."

We likewise hold that the claim is not properly before us at this time. This is particularly so since not only was it not raised in the trial court, but the issue is not fully briefed inasmuch as appellant did not file a reply brief. See *Powell v. Toledo Blade Co.* (1994), 93 Ohio App.3d 341, 638 N.E.2d 609.

For the reasons set forth above both of appellant's assignments of error are sustained and the cause remanded for a new sentence consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

KLINE and HARSHA, JJ., concur.