The STATE of Ohio, Appellant,

v.

SMITH, Appellee.

[Cite as *State v. Smith* (1996), 113 Ohio App.3d 752.]

Court of Appeals of Ohio,
Fourth District, Athens County.

No. 95 CA 1695.

Decided Aug. 29, 1996.

*Gary E. Hunter,* Athens Director of Law, and *David A. Trimmer,* Athens City Prosecutor, for appellant.

*David H. Bodiker,* State Public Defender, and *Rolf Baumgartel,* Assistant Public Defender, for appellee.

STEPHENSON, Judge.

This is an appeal from a part of a judgment entered by Athens County Municipal Court finding Andrew Smith, after a no contest plea, guilty of a drug paraphernalia offense proscribed by R.C. 2925.14(C)(1), followed by a sentence wherein the court refused to impose a driver's license suspension pursuant to R.C. 2925.14(H) upon due process grounds. The following error is assigned:

"The trial court judge erred when he failed to sentence defendant to a mandatory six-month license suspension after defendant pled no contest to the charge of drug paraphernalia, R.C. 2925.14(C)(1)."

Appellant argues that a driver's license suspension pursuant to R.C. 2925.14(H) is mandatory. R.C. 2925.14(H) read as follows:

"In addition to any other penalty imposed for a violation of this section, the court shall suspend for not less than six months nor more than five years the driver's or commercial driver's license of any person who is convicted of or has pleaded guilty to a violation of this section. If the offender is a professionally licensed person or a person who has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules, in addition to any other penalty imposed for a violation of this section, the court forthwith

shall comply with section 2925.38 of the Revised Code." (Effective July 1, 1996 the section appears as R.C. 2925.14[G]).

■ We agree with appellant and hold that the imposition of the driver's license suspension is mandatory, must be imposed by the trial court, and may not thereafter be modified or suspended. That the General Assembly intended the suspension to be mandatory is reflected in the fact that prior to the enactment of Sub.H.B. No. 377, 145 Ohio Laws, Part III, 5652, 5674, effective July 30, 1993, R.C. 2925.14(H) provided that the court "may" suspend the driver's license. The amendment deleted "may" and inserted the word "shall." In *State ex rel. Mitman v. Williamson* (1916), 94 Ohio St. 296, 113 N.E. 831, the court stated in the third paragraph of the syllabus as follows:

"When a section of an existing law is amended by the general assembly by striking out therefrom 'may' and inserting in lieu thereof 'shall' a clear intent is manifested to thereby alter the directory nature of the law and render it mandatory."

■ The courts do not have inherent authority to suspend the execution of a sentence unless authorized by statute. *Akron v. Smith* (1992), 82 Ohio App.3d 57, 611 N.E.2d 435, we have not been referred to any statutory authority that would authorize the modification or suspension of the mandatory driver's license suspension pursuant to R.C. 2925.14(H).

■ Appellee's brief does not controvert appellant's argument, or the conclusion of this court, herein, that a driver's license suspension is mandatory pursuant to R.C. 2925.14(H) for a 2925.14(C)(1) offense. Rather, appellee asserts various constitutional arguments that R.C. 2925.14(H) is invalid and unconstitutional. None of the constitutional arguments was raised by appellee in the trial court, and, consequently, they were not passed upon by that court except as to a due process argument made *sua sponte* by the court. Four constitutional arguments are advanced in support of appellee's contention that R.C. 2925.14(H) is unconstitutional. The first two arguments assert that the statute is unconstitutional by reason of its violating due process and equal protection rights of appellee.

In *State v. Thompkins* (1996), 75 Ohio St.3d 558, 664 N.E.2d 926, the court considered a claim that due process and equal protection rendered the mandatory driver's license suspension in drug cases following violation of R.C. 2925.03(M), R.C. 2925.11(F)(1) and 2925.23(H) unconstitutional. The court found no merit to that claim. The rationale therein applies with equal force to a similar suspension under R.C. 2925.14(H).

Appellee further asserts the unconstitutionally of R.C. 2925.14 upon the ground that it violates the constitutional prohibition against cruel and unusual punishment. In *State v. Smith* (May 5, 1995), Washington App. No. 94CA21, unreport-

ed, 1995 WL 271727 a majority of this court found that the prohibition of cruel and unusual punishment was not violated by a suspension pursuant to R.C. 2925.14(H). The court stated:

"In the second assignment of error, appellant asserts that R.C. 2925.14(H) is unconstitutional as it violates the prohibition against cruel and unusual punishment. While the Eighth Amendment certainly prohibits barbaric and atrocious punishments, it also prohibits sentences which are disproportionate to the crime committed. *Solem v. Helm* (1983), 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637. Appellant maintains that a temporary revocation of his driving privileges for possessing drug paraphernalia is that type of disproportionality which is prohibited.

"The General Assembly carries the responsibility for defining criminal acts through statutory provisions and then prescribing the suitable punishments. The severity of the punishment for a certain kind of offense is originally a question for the lawmaking authority, subject to constitutional limitations. *Hayner v. State* (1910), 83 Ohio St. 178, 191, 93 N.E. 900.

"A punishment does not violate the constitutional prohibition against cruel and unusual punishment 'unless it is so greatly disproportionate to the offense as to shock the sense of justice of the community.' *State v. Chaffin* (1972), 30 Ohio St.2d 13, 59 O.O.2d 51, 282 N.E.2d 46, paragraph three of the syllabus. In determining whether such gross disproportionality exists, reviewing courts should grant substantial deference to the broad authority possessed by the legislature in determining the types and limits of punishments for crimes. *Solem, supra,* at 290, 103 S.Ct. at 3009–3010. The United States Supreme Court has noted that 'successful challenges to the proportionality of a particular sentence [will be] exceedingly rare.' *Rummel v. Estelle* (1980), 445 U.S. 263, 272, 100 S.Ct. 1133, 1138.

"In the case *sub judice*, the appellant was convicted of two drug-related offenses. This Court concludes that the resulting temporary loss of driving privileges does not rise to the level of disproportionality required to shock the community's sense of justice, nor does it interfere with any constitutional guarantees. For this reason, the second assignment of error is overruled."

Appellee finally claims that R.C. 2925.14(H) is unconstitutional because "it was enacted pursuant to 23 U.S.C. Sec. 159, wherein the United States Congress exceeded its authority under the Spending Clause, Article I, Sec. 8, clause 1 of the United States Constitution, and violated the sovereignty of the citizens of Ohio guaranteed to them by the Tenth Amendment of the United States Constitution, and Sec. 20, Article I, of the Ohio Constitution."

The same argument was made in the Ohio Supreme Court in *Thompkins, supra.* The issue had not been raised in the trial court, and while it may have been raised in the court of appeals, it was not passed on by the court of appeals. The Supreme Court stated, 75 Ohio St.3d at 560, 664 N.E.2d at 928, fn. 2, the following:

"The appellants also argue that the statutes in question were enacted pursuant to Section 159, Title 23, U.S.Code, which violates the Tenth Amendment to the United States Constitution. However, this issue was neither raised in the trial court, nor passed upon by the court of appeals. Therefore, it is not properly before us now. *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277."

We likewise hold the claim is not properly before us at this time. This is particularly so since not only was it not raised in the trial court, but the issue is not fully briefed herein, inasmuch as appellant did not file a reply brief. See *Powell v. Toledo Blade Co.* (1994), 93 Ohio App.3d 341, 638 N.E.2d 609.

For the reasons set forth above, appellant's assignment of error is sustained, the judgment is reversed, and the cause is remanded for a new sentence consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PETER B. ABELE, P.J., and HARSHA, J., concur.