The STATE of Ohio

v.

CARNES.*

Ashtabula County Court,
Eastern Area, Jefferson, Ohio.

No. 99 CRB 273.

Decided Sept. 20, 1999.

*Susan Thomas,* Jefferson County Assistant Prosecuting Attorney, for plaintiff.

*Robert C. Hunt,* for defendant.

---

ROBERT S. WYNN, Judge.

On June 14, 1999, defendant Andrew J. Carnes was convicted of possession of marijuana under R.C. 2925.11 and possession of drug paraphernalia under R.C. 2925.14. As a part of the sentence, the court issued a one-hundred-eighty-day suspension of defendant's driving privileges pursuant to R.C. 4507.16(D)(2), 2925.14(G), and 2925.11(E)(2).

---

* Reporter's Note: No appeal has been taken from the judgment of the court.

6

After he was sentenced, defendant made a personal letter-request for occupational privileges, which request was denied.

Now defendant by way of his motion for occupational driving privileges filed September 16, 1999 in this case number urges that in this fact-setting this court is empowered to grant him occupational driving privileges.

This court follows a policy of not allowing occupational driving privileges when driving privileges have been suspended pursuant to R.C. 4507.16(D)(2), 2925.14(G), and 2925.11(E)(2), as was done in this case. The court has not allowed occupational driving privileges to this defendant although requested by letter, pursuant to said policy. In a formal motion filed by counsel on behalf of Carnes, defendant argues that this court has the legal authority to grant occupational driving privileges to him at this time.

All of the Ohio courts which have treated in a written opinion available to the legal researcher the narrow issue presented have held that the court does not have legal authority to grant occupational driving privileges in this setting.

These decisions include the following: *State v. Paxson* (Feb. 20, 1998), Greene App. No. 97–CA–0041, unreported, 1998 WL 71753; *State v. Burden* (1996), 113 Ohio App.3d 524, 681 N.E.2d 489; *State v. Smith* (1996), 113 Ohio App.3d 752, 682 N.E.2d 15; *State v. Sumlin* (Dec. 6, 1996), Montgomery App. No. 15614, unreported, 1996 WL 696983; *State v. Thompson* (Dec. 6, 1996), Montgomery App. No. 15336, unreported, 1996 WL 697069; *State v. Sanner* (Nov. 22, 1996), Montgomery App. Nos. 15142, 15143, 15206, 15216 and 15275, unreported, 1996 WL 673272; *State v. Smith* (Dec. 27, 1996), Montgomery App. No. 15002, unreported, 1996 WL 741801; *State v. Garrison* (Dec. 31, 1996), Hamilton App. No. C–960434, unreported, 1996 WL 741987; and *State v. Beauford* (Apr. 11, 1995), Richland App. No. 94–CA–72, unreported, 1995 WL 434253.

This court finds the foregoing decisions to be persuasive.

Defendant Carnes has not cited any case decisions precisely on point.

This court has not found and is therefore not aware of any decisions squarely on point from the Eleventh District Court of Appeals or out of the Supreme Court of Ohio.

Defendant's motion for occupational driving privileges is accordingly overruled.

IT IS SO ORDERED.

*Judgment accordingly.*