DECISION AND JUDGMENT ENTRY
Appellants Gail M. Dombrowsky and Brooke McBeth appeal their separate convictions for assaulting a peace officer in violation of R.C. 2903.13(C)(3). Appellant McBeth was found guilty on testimony that he struck a Bowling Green Police Officer when the officer responded to a disturbance call. At appellant Dombrowsky's trial, a Wood County Deputy Sheriff testified that Dombrowsky struck her as the deputy attempted to restrain Dombrowsky while she was held at the Wood County Justice Center.
Appellants now challenge the constitutionality of R.C.2903.13(C)(3). Appellant Dombrowsky also claims that her conviction was against the manifest weight of the evidence. Because these appeals principally share the same issue, we ordered them consolidated.
Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte
transfer this matter to our accelerated docket and, hereby, render our decision.
R.C. 2903.13(A)(1) provides that one who knowingly causes or attempts to cause physical harm to another is guilty of assault. The offense is ordinarily classified as a first degree misdemeanor. R.C. 2903.13(C). However, under specific circumstances, the offense may be a fifth degree felony, R.C.2903.13(C)(2), a third degree felony, R.C. 2903.13(C)(1), or, if the victim is a peace officer, firefighter, or emergency medical technician in the performance of his or her duty, it is a fourth degree felony. R.C. 2903.13(C)(3). Appellants contend the statute denies those accused of assaulting a peace officer due process because classifying such conduct as a felony is not rationally related to a legislative purpose.
Laws enacted by the legislature pursuant to its police powers will be upheld if they bear a substantial relationship to the health, safety, morals or general welfare of the public and are not arbitrary, discriminatory, capricious or unreasonable.State v. Thompkins (1996), 75 Ohio St.3d 558, 560; see, also,Matinez v. California (1980), 444 U.S. 277, 283. In our view, a law which acts to protect those who are entrusted with ensuring the public safety falls within the broad ambit of keeping the public safe and providing for its general welfare. The legislature has deemed an assault on a peace officer in the performance of his or her duty as more serious than an assault on someone who is not charged with protecting the public. We cannot say that this distinction is arbitrary, unreasonably discriminatory, capricious, or unreasonable. Accordingly, appellants' constitutional challenge is found not well-taken.
Concerning appellant Dombrowsky's manifest weight question, we have carefully reviewed the record of her trial and concluded that the evidence presented there was sufficient to sustain the charge, State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, and her conviction was not against the manifest weight of the evidence. State v. Thompkins (1997)78 Ohio St.3d 380, 386-387. Accordingly, appellant Dombrowsky's second assignment of error is not well-taken.
On consideration whereof, the judgments of the Wood County Court of Common Pleas are affirmed. Costs to appellants.
 JUDGMENTS AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ JUDGE James R. Sherck, J.
 _______________________________ JUDGE CONCUR. Richard W. Knepper, J.
 _______________________________ JUDGE Mark L. Pietrykowski, J.