OPINION
{¶ 1} Defendant-appellant, Rodrequs R. Turner, appeals from a judgment of the Franklin County Municipal Court finding him guilty of one count of possession of a counterfeit controlled substance, in violation of R.C.2925.37(A). As the sole basis for his appeal, appellant argues that the foregoing statute is unconstitutionally vague. For the reasons that follow, we find appellant's position unpersuasive and affirm his conviction.
 {¶ 2} At the hearing before the trial court, the parties agreed that the following statement of facts, taken from appellant's motion to dismiss and from the memorandum contra thereto filed by appellee, state of Ohio, is an accurate statement of the events that precipitated the charge of which appellant was convicted:
Rodrequs R. Turner was riding in a car that was stopped by Officers Jones, Gillian [sic], and Everhart of the Columbus Police Department on June 11, 2004 at approximately midnight. The vehicle was stopped for failing to stop at a stop sign. Mr. Turner was in the front passenger seat of the vehicle. Mr. Turner was removed from the car by Officer Jones after he was unable to provide identification. Officer Jones noticed a bag on the floor of the car on the passenger side of the vehicle that he suspected contained crack cocaine.
(Appellant's Aug. 17, 2004 Motion to Dismiss, at 2.)
* * * Officers Jones and Gillilan were * * * investigating a report of gunshots * * * [and] observed [the car in which appellant was riding] leaving the area where the report indicated the shots came from. * * * The officers observed that the defendant was not wearing his seat belt and there was a bag of what appeared to be crack cocaine on the floor, next to him, in plain view. * * * During the course of the officers' investigation they were able to determine that the substance appearing to be crack cocaine was actually a counterfeit controlled substance.
(State's Oct. 4, 2004 Memorandum Contra to Defendant's Motion to Dismiss, at 3-4.)
 {¶ 3} Appellant was charged with several criminal counts, including one count of possession of a counterfeit controlled substance, in violation of R.C. 2925.37(A). Following denial of his motion to dismiss the charge on the ground that the statute is unconstitutionally vague, appellant changed his plea to that of no contest. The trial court found appellant guilty and sentenced him to 14 days in jail. This appeal followed, in which appellant asserts one assignment of error:
The trial court erred in failing to find R.C. 2925.01(O)(4) as applied in 2925.37(A) void for vagueness as the statute fails to give reasonable notice of prohibited conduct and encourages arbitrary and discriminatory enforcement.
 {¶ 4} Section 2925.37(A) of the Ohio Revised Code provides that, "[n]o person shall knowingly possess any counterfeit controlled substance." As used in the foregoing statute, the term "counterfeit controlled substance" means, "[a]ny substance other than a controlled substance that a reasonable person would believe to be a controlled substance because of its similarity in shape, size, and color, or its markings, labeling, packaging, distribution or the price for which it is sold or offered for sale." R.C. 2925.01(O)(4).
 {¶ 5} In his brief filed with this court, appellant argues that R.C.2925.37(A) is unconstitutionally vague because it "fails to give a reasonable person fair notice of what conduct is prohibited and encourages arbitrary and discriminatory enforcement." (Brief of appellant, at 5.) His argument may be distilled to the basic premise that ordinary people cannot sufficiently understand what conduct the statute prohibits, and the statute presents the risk of arbitrary enforcement, because what a "reasonable person" would believe to be a controlled substance is not sufficiently susceptible of definition.
 {¶ 6} A penal statute is unconstitutionally vague if it "forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess as to its meaning and differ as to its application." Connally v. General Constr. Co. (1926), 269 U.S. 385,391, 46 S.Ct. 126, 70 L.Ed. 322. The United States Supreme Court has explained the rationale for striking down vague laws as violative of basic notions of due process:
Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.
Grayned v. City of Rockford (1972), 408 U.S. 104, 108-109, 92 S.Ct. 2294,33 L.Ed.2d 222. (Footnotes omitted.)
 {¶ 7} All statutes enjoy a presumption of constitutionality. State v.Thompkins (1996), 75 Ohio St.3d 558, 560, 664 N.E.2d 926. Thus, the party challenging the statute bears the burden of proving the unconstitutionality thereof beyond a reasonable doubt. Ibid., citingArnold v. Cleveland (1993), 67 Ohio St.3d 35, 38, 616 N.E.2d 163. Moreover, in reviewing a facial vagueness challenge not involving constitutionally protected conduct, such as that presented in the present case, a court:
should uphold the challenge only if the enactment is impermissibly vague in all of its applications. A [defendant] who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law. Village of Hoffman Estates v. The Flipside,Hoffman Estates, Inc. (1982), 455 U.S. 489, 495, 102 S.Ct. 1186,71 L.Ed.2d 362.
 {¶ 8} Thus, "[vagueness] challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand," United States v. Mazurie (1975), 419 U.S. 544, 550,95 S.Ct., 710, 42 L.Ed.2d 706 and "[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness." Parkerv. Levy (1974), 417 U.S. 733, 756, 94 S.Ct. 2547, 41 L.Ed.2d 439. The complainant must prove that the statute is vague "`not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.'" Smith v. Goguen (1974),415 U.S. 566, 578, 94 S.Ct. 1242, 39 L.Ed.2d 605, quoting Coates v. Cityof Cincinnati (1971), 402 U.S. 611, 614, 91 S.Ct. 1686, 29 L.Ed.2d 214.
 {¶ 9} Appellant's challenge thus requires that we examine the plain meaning and significance of the words contained in R.C. 2925.37(A) to determine whether any standard of conduct is specified therein. But we must do so first in the light cast by appellant's own admitted conduct.
 {¶ 10} "The mere fact that a penal statute is so framed as to require a jury [or judge] upon occasion to determine a question of reasonableness does not make it too vague to afford a practical guide to permissible conduct." United States v. Ragen (1942), 314 U.S. 513, 62 S.Ct. 3748,6 L.Ed. 383, at paragraph two of the syllabus. The plain words of the statute at hand require proof, beyond a reasonable doubt, that appellant knowingly possessed a substance the shape, size, color and/or packaging of which would lead a "reasonable person" to believe that it was a controlled substance. In other words, if the facts of record demonstrate that appellant knowingly possessed what looked reasonably like a controlled substance, then the statute is sufficiently clear as applied to appellant, and his facial vagueness challenge fails.
 {¶ 11} We are mindful that the record was not exhaustively developed below with respect to all of the characteristics of the substance appellant possessed that might be taken into account by a reasonable person in forming a belief as to whether it was a controlled substance. However, the complaint, signed by officer Gillilan, alleges that appellant knowingly possessed "* * * several white rocks of what appeared to be crack cocaine." Appellant has never argued, at any stage of this proceeding, that the substance he knowingly possessed did not appear as the officer claimed it had, or that the substance otherwise did not reasonably look like a controlled substance. In fact, the contents of the bag sufficiently resembled crack cocaine so as to lead the investigating officers to conduct a field test to determine whether it was indeed such a controlled substance. Appellant has never argued, and the evidence does not demonstrate, that the officers' belief that appellant possessed a controlled substance was unreasonable. Appellant cannot and has not attempted to show that he was subjected to arbitrary or discriminatory enforcement of the statute he challenges.
 {¶ 12} The bag that appellant does not deny he knowingly possessed, contained a substance that appellant does not deny closely resembled crack cocaine. The record demonstrates that the bag contained several white rocks that appeared to be cocaine, and that the bag was clear enough to reveal its contents without opening it. These facts fall squarely within the ambit of conduct prohibited by the plain language of R.C. 2925.37(A). Accordingly, appellant failed to carry his burden in challenging for vagueness the constitutionality of R.C. 2925.37(A), and the trial court correctly denied appellant's motion to dismiss the charge of possession of a counterfeit controlled substance.
 {¶ 13} On that basis, we overrule appellant's sole assignment of error and affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
Brown, P.J., and Klatt, J., concur.