[Cite as *Gillis v. Delaware Cty. Bd. of Revision*, 2024-Ohio-5669.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MARK H. GILLIS, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DELAWARE COUNTY BOARD OF REVISION, | : | Case No. 24 CAH 04 0021 |
| et al., | : | |
| | : | |
| Defendant - Appellees | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Ohio Board of Tax Appeals, Case No. 2023-838 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT: | December 2, 2024 |

APPEARANCES:

For Defendant- Appellant

KAROL C. FOX
E. JOEL WESP
Rich & Gillis Law Group, LLC
5747 Perimeter Dr., Suite 150
Dublin, Ohio 43017

For Appellee Olentangy

KELLEY A. GORRY
Rich & Gillis Law Group, LLC
5747 Perimeter Dr., Suite 150
Dublin, Ohio 43017

MICHAEL P. CAVANAUGH
Assistant County Prosecutor
145 N. Union St., 3rd Floor
P.O. Box 8006
Delaware, Ohio 43015

For Appellee Northpark Endeavors, LLC

MATTHEW S. ZEIGER
LAUREN P. RUBIN
Zeiger,Tigges & Little LLP
3500 Huntington Center
41 S. High Street
Columbus, Ohio 43215

Appellee Tax Ohio Tax Commissioner

DAVID A. YOST
Ohio Attorney General
30 E. Broad St., 17th Floor
Columbus, Ohio 43215

*Baldwin, J.*

**{¶1}** The appellant, Mark H. Gillis, appeals the decision of the Ohio Board of Tax Appeals decision affirming the Board of Revisions decision to dismiss his complaint. Appellees are Delaware County Board of Revision, Delaware County Auditor, Olentangy Local Schools Board of Education, Ohio Tax Commissioner, and Northpark Endeavors ("Appellee Northpark"). The relevant facts are as follows.

### STATEMENT OF THE FACTS AND THE CASE

**{¶2}** The appellant filed a third-party complaint with the Delaware County Board of Revision for tax year 2022, challenging the value of the property owned by Appellee Northpark known as Northpark Place. The appellant sought an increase in the value of Northpark Place from $42,167,700 to $84,184,500 based upon the purchase occurring on September 30, 2022. The appellant substantiated his claim with a Press Release.

**{¶3}** The Board of Revision scheduled a hearing on the appellant's complaint for May 25, 2023. However, one week before the scheduled hearing, the Board of Revision met in open session and dismissed the appellant's complaint for failing to comply with R.C. §5715.19(A)(6)(a). The Board of Revision noted in its decision that the appellant challenged the statute on constitutional grounds and that it lacks authority to address constitutional issues.

**{¶4}** On May 19, 2023, the Board of Revision issued its written decision dismissing the appellant's complaint.

**{¶5}** The appellant appealed the Board of Revision's decision to the Board of Tax Appeals.

{¶6}   On February 21, 2024, the Board of Tax Appeals held an evidentiary hearing.

{¶7}   At the hearing, a former employee of the Franklin County Auditor's Office and a Deputy Tax Commissioner with the Ohio State Department of Taxation testified. He testified, in general, about his experience with auditors determining the true value in money of every parcel in a county. Based upon the data collected, the witness estimated properties recently sold were valued more than thirty percent below the recent sales price. He also explained how the undervaluation of one property could lead to an increased tax burden on other properties.

{¶8}   At the conclusion of the hearing, the Board of Tax Appeals affirmed the decision of the Board of Revision dismissing the appellant's complaint. The Board did not opine on the constitutionality issue.

{¶9}   The appellant filed a timely notice of appeal and herein raises the following seven assignments of error:

{¶10}   "I. THE DECISION IS UNREASONABLE AND UNLAWFUL BECAUSE THE BTA RELIED UPON REVISIONS TO R.C 5715.19(A)(6)(a) THROUGH 2022 Am. Sub. H.B. 126 ("H.B. 126") THAT VIOLATE BOTH THE U.S. CONSTITUTION AND THE OHIO CONSTITUTION.

{¶11}   "II. FACIALLY, AND AS APPLIED TO APPELLANT, THE REVISION TO R.C. 5715.19(A)(6)(a) TO LIMIT THE FILING OF A BOARD OF REVISION COMPLAINT ONLY UPON PROPERTY SUBJECT TO AN ARM'S-LENGTH SALE (the "Arm's-Length Sale Restriction") VIOLATES THE UNIFORM RULE MANDATED BY ARTICLE XII, SECTION 2 OF THE OHIO CONSTITUTION.

**{¶12}** "III. FACIALLY, AND AS APPLIED TO APPELLANT, THE REVISION TO R.C. 5715.19(A)(6)(a) TO LIMIT THE FILING OF A BOARD OF REVISION COMPLAINT ONLY UPON PROPERTY SUBJECT TO AN ARM'S-LENGTH SALE OCCURRING BEFORE, BUT NOT AFTER, THE APPLICABLE TAX LIEN DATE (THE "BEFORE BUT NOT AFTER TAX LIEN DATE RESTRICTION") VIOLATES THE UNIFORM RULE MANDATED BY ARTICLE XII, SECTION 2 OF THE OHIO CONSTITUTION.

**{¶13}** "IV. FACIALLY, AND AS APPLIED TO APPELLANT, THE ARM'S-LENGTH SALE RESTRICTION VIOLATES APPELLANT'S RIGHT TO EQUAL PROTECTION OF THE LAWS AS GUARANTEED BY THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION.

**{¶14}** "V. FACIALLY, AND AS APPLIED TO APPELLANT, THE BEFORE BUT NOT AFTER TAX LIEN DATE RESTRICTION VIOLATES APPELLANT'S RIGHT TO EQUAL PROTECTION OF THE LAWS GUARANTEED BY THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION.

**{¶15}** "VI. FACIALLY, AND AS APPLIED TO APPELLANT, THE ARM'S LENGTH SALE RESTRICTION VIOLATES APPELLANT'S RIGHT TO DUE PROCESS GUARANTEED BY THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION AND HIS RIGHT TO DUE COURSE OF LAW GUARANTEED BY ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

**{¶16}** "VII. FACIALLY, AND AS APPLIED TO APPELLANT, THE BEFORE BUT NOT AFTER TAX LIEN DATE RESTRICTION VIOLATES APPELLANT'S RIGHT TO DUE PROCESS GUARANTEED BY THE 14TH AMENDMENT OF THE UNITED STATES

CONSTITUTION AND HIS RIGHT TO DUE COURSE OF LAW GUARANTEED BY ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."

## I., II., III.

{¶17} In the appellant's first, second, and third Assignments of Error, the appellant argues that the Arm's-Length Sale Restriction and the Before But Not After Tax Lien Date Restriction of R.C. §5715.19(A)(6)(a) violate the Uniform Rule of Article XII, Section 2 of the Ohio Constitution. We disagree.

### STANDARD OF REVIEW

{¶18} "When considering the constitutionality of a statute, [a reviewing] court 'presume[s] the constitutionality of the legislation, and the party challenging the validity of the statute bears the burden of establishing beyond a reasonable doubt that the statute is unconstitutional.' " *Dayton v. State*, 2017-Ohio-6909, ¶12, quoting *Wilson v. Kasich*, 2012-Ohio-5367, ¶18. The party challenging the statute has "a 'heavy burden' when attempting to overcome the presumption of constitutionality." *Dayton* at ¶12.

### ANALYSIS

{¶19} R.C. §5715.19(A)(6), in pertinent part, states:

The legislative authority of a subdivision, the mayor of a municipal corporation, or a third party complainant shall not file an original complaint with respect to property the subdivision or complainant does not own or lease unless both of the following conditions are met:

(a) If the complaint is based on a determination described in division (A)(1)(d) or (e) of this section, the property was (i) sold in an arm's length transaction, as described in section 5713.03 of the Revised Code, before, but not after, the tax lien date for the tax year for which the complaint is to be filed, and (ii) the sale price exceeds the true value of the property appearing on the tax list for that tax year by both ten per cent and the amount of the filing threshold determined under division (J) of this section[.]

{¶20} The appellant argues that the Arm's-Length Sale Restriction and the Before But Not After Tax Lien Date Restriction of R.C. §5715.19(A)(6)(a) violate the Uniform Rule of Article XII, Section 2 of the Ohio Constitution. Article XII, Section 2 of the Ohio Constitution, in pertinent part states, "[l]and and improvements thereon shall be taxed by uniform rule according to value[.]"

{¶21} In interpreting Article XII, Section 2 of the Ohio Constitution, the Supreme Court of Ohio has stated, "while the constitution prescribes that all property shall be taxed by a uniform rule * * * it does not prescribe the mode of ascertaining the taxable valuation of property, or the time as to which the value is to be determined." *Shotwell v. Moore*, 45 Ohio St. 632, 645. The Supreme Court continued, "[t]he method of ascertaining the true value of property in money, and the time as of which the same shall be listed for taxation, have been left to the wisdom of the legislature." *Id.*

{¶22} The Before But Not After clause and Arm's-Length Sales Clause of R.C. §5715.19(A)(6)(a) regulate timing of third-party complaints with regard to certain similarly situated properties, those sold in an arm's length transaction described in R.C. §5713.03.

It does not regulate the valuation of the property. Since, according to the Ohio Supreme Court in *Shotwell*, "[t]he method of ascertaining the true value of property in money, and the time as of which the same shall be listed for taxation, have been left to the wisdom of the legislature[,]" R.C. §5715.19(A)(6)(a) does not violate the Uniform Rule of Article XII, Section 2 of the Ohio Constitution.

**{¶23}** Therefore, the appellant's first, second, and third Assignments of Error are overruled.

### I., IV., V.

**{¶24}** In the appellant's first, fourth, and fifth Assignments of Error, the appellant argues that the Arm's-Length Sale Restriction and the Before But Not After Tax Lien Date Restriction of R.C. §5715.19(A)(6)(a) violates the appellant's right to Equal Protection of the laws guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, Section 2 of the Ohio Constitution. We disagree.

### STANDARD OF REVIEW

**{¶25}** Again, "[w]hen considering the constitutionality of a statute, [a reviewing] court 'presume[s] the constitutionality of the legislation, and the party challenging the validity of the statute bears the burden of establishing beyond a reasonable doubt that the statute is unconstitutional.' " *Dayton v. State*, 2017-Ohio-6909, ¶12, quoting *Wilson v. Kasich*, 2012-Ohio-5367, ¶18. The party challenging the statute has "a 'heavy burden' when attempting to overcome the presumption of constitutionality." *Dayton* at ¶12.

### ANALYSIS

**{¶26}** Before performing an Equal Protection Analysis, we must determine whether or not the appellant and Appellee Northpark are similarly situated parties.

**{¶27}** The Equal Protection Clause of the Ohio provides, in pertinent part, "[a]ll political power is inherent in the people. Government is instituted for their equal protection and benefit." Ohio Constitution, Article I, Section 2. This requires that similarly situated persons be treated similarly under the law. *State v. Lawson*, 2013-Ohio-2111 (10th Dist.), ¶18. "The comparison of only similarly situated entities is integral to an equal protection analysis." *GTE North, Inc. v. Ziano*, 2002-Ohio-2984, ¶22. "But the Equal Protection Clause 'does not require things which are different in fact * * * to be treated in law as though they were the same.' "*Id.* quoting *Tigner v. Texas*, 310 U.S. 141, 147, 60 S.Ct. 879, 84 L.Ed. 1124 (1940). "Thus, to state an equal protection claim, a party must claim that the government treated similarly situated persons differently." *Sherman v. Ohio Public Employees Retirement System*, 2019-Ohio-278 (10th Dist.).

**{¶28}** The appellant's primary argument is that their Delaware County property is similarly situated to Appellee Northpark's Delaware County property and is receiving disparate treatment. However, the appellant has misplaced emphasis on the disparate treatment of the two properties. The Ohio Supreme Court has stated, "the Equal Protection Clause protects people, not property." *Ohio Apt. Assn. v. Levin*, 2010-Ohio-4414, ¶39. Therefore, "the proper analysis focuses on the classification of property owners." *Id.*

**{¶29}** In the case *sub judice*, the appellant has failed to provide any analysis establishing that he, as the owner of a single-family home, is similarly situated to Appellee Northpark, the property owner of a four hundred, seventy-two-unit condominium complex, recently acquired in an arm's length transaction. "The burden is on [the appellant] to show [he is] situated similarly" to a comparator. *Id.* at ¶45.

**{¶30}** Article XII, Section 2a of the Ohio Constitution, in pertinent part states,

(C) Notwithstanding Section 2 of this article, laws may be passed that provide all of the following:

(1) Land and improvements thereon in each taxing district shall be placed into one of two classes solely for the purpose of separately reducing the taxes charged against all land and improvements in each of the two classes as provided in division (C)(2) of this section. The classes shall be:

(a) Residential and agricultural land and improvements;

(b) All other land and improvements.

**{¶31}** The Ohio Supreme discussed Article XII, Section 2a of the Ohio Constitution in *Roosevelt Properties Co. v. Kinney*, 12 Ohio St.3d 7, 12 (1984),

Appellant's argument pertaining to Section 2, Article XII is predicated upon the assertion that all "residential" property is not being taxed uniformly. The resolution of this argument is necessarily contingent upon whether this court agrees that appellants' properties are used for "residential" purposes, as that term is utilized within Section 2a, Article XII and R.C. 5713.041. Having previously determined that appellant's properties are utilized in a business or commercial capacity, we are unable to conclude that a violation of Section 2 Article XII exists.

**{¶32}** Similarly, we cannot conclude R.C. §5715.19(A)(6) violates the appellant's Equal Protection of the Uniform Rule under Section 2 Article XII of the Ohio Constitution. The appellant's argument is predicated on the fact that both his and Appellee Northpark's

properties are residential in nature.   He relies merely on his expert witness "easily recognizing" that the properties are similarly situated. The appellant has provided no analysis of the use of either property. The appellant's single-family home could be owner-occupied or rented out. The appellant also failed to provide an analysis of how Appellee Northpark uses its property, just an explanation of why Appellee Northpark purchased the property. Without providing an analysis of how each property is used, the appellant has failed to establish the property owners are similarly situated.

{¶33}  Accordingly, the appellant's first, fourth, and fifth Assignments of Error are overruled.

### I., VI., VII.

{¶34} In the appellant's first, sixth, and seventh Assignments of Error, the appellant argues that the Arm's-Length Sale Restriction and the Before But Not After Tax Lien Date Restriction of R.C. §5715.19(A)(6)(a) violates the appellant's right to Due Process by the Fourteenth Amendment of the United States Constitution and right to Due Course of Law Article I, Section 16 of the Ohio Constitution. We disagree.

### STANDARD OF REVIEW

{¶35} Again, "[w]hen considering the constitutionality of a statute, [a reviewing] court 'presume[s] the constitutionality of the legislation, and the party challenging the validity of the statute bears the burden of establishing beyond a reasonable doubt that the statute is unconstitutional.' " *Dayton v. State*, 2017-Ohio-6909, ¶12, quoting *Wilson v. Kasich*, 2012-Ohio-5367, ¶18. The party challenging the statute has "a 'heavy burden'

when attempting to overcome the presumption of constitutionality." *Dayton* at ¶12.The standard of review for Due Process claims differs with the classification and right at issue.

**{¶36}** "Laws limiting rights, other than fundamental rights, are constitutional with respect to substantive due process and equal protection if the laws are rationally related to a legitimate goal of government." *See State v. Thompkins*, 1996-Ohio-264; *Toledo v. Tellings*, 2007-Ohio-3724, ¶33.

**{¶37}** The Ohio Supreme Court has stated,

This deferential rational-basis standard is "a paradigm of judicial restraint," *Fed. Communications Comm. v. Beach Communications, Inc.*, 508 U.S. 307, 314, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993), and "not a license for courts to judge the wisdom, fairness, or logic of legislative choices," *Id.* at 313, 113 S.Ct. 2096. "The Constitution presumes that, absent some reason to infer antipathy, even improvident decisions will eventually be rectified by the democratic process and that judicial intervention is generally unwarranted no matter how unwisely we may think a political branch has acted." *Vance v. Bradley*, 440 U.S. 93, 97, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979). Therefore, a legislative classification must survive so long as a court can conceive of any "plausible" policy justification – regardless of whether the court views that reason as unwise, unfair, or illogical *Beach Communications* at 313, 314, 113 S.Ct. 2096.

*State v. Bevly*, 2015-Ohio-475, ¶35.

**{¶38}** In the context of a rational basis review, "a state has no obligation to produce evidence to sustain the rationality of a statutory classification." *Columbia Gas*

*Transm. Corp. v. Levin*, 2008-Ohio-511, ¶91, citing *Lyon v. Limbach* (1988), 40 Ohio St.3d 92, 94, as cited in *State v. Mole*, 2016-Ohio-5124, ¶27, *reconsideration denied*, 2016-Ohio-7199, ¶27.

### ANALYSIS

**{¶39}** The appellant contends R.C. §5715.19(A)(6)(a) is unconstitutional because it deprives the appellant due process of law.

**{¶40}** The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides a state shall not "deprive any person of life, liberty, or property without due process of law." The Supreme Court of Ohio has determined the "due course of law" clause of Article I, Section 16 of the Ohio Constitution is the equivalent of the "due process of law" clause in the Fourteenth Amendment. *Direct Plumbing Supply Co. v. Dayton*, 138 Ohio St. 540, 544 (1941).

**{¶41}** Again, R.C. §5715.19(A)(6), in pertinent part, states:

The legislative authority of a subdivision, the mayor of a municipal corporation, or a third party complainant shall not file an original complaint with respect to property the subdivision or complainant does not own or lease unless both of the following conditions are met:

If the complaint is based on a determination described in division (A)(1)(d) or (e) of this section, the property was (i) sold in an arm's length transaction, as described in section 5713.03 of the Revised Code, before, but not after, the tax lien date for the tax year for which the complaint is to be filed, and (ii) the sale price exceeds the true value of the property

appearing on the tax list for that tax year by both ten per cent and the amount of the filing threshold determined under division (J) of this section[.]

**{¶42}** The Ohio Supreme Court held in *State ex rel. Poe v. Jones*, 51 Ohio St. 492, 516 (1894):

[W]henever, by laws of a state, or by state authority, a tax, assessment, servitude, or other burden is imposed upon property for the public use, whether it be for the whole state or some limited portion of the community, and those laws provide for a mode of confirming or contesting the charge thus imposed, in ordinary courts of justice, with such notice to the person, or such proceeding in regard to the property as is appropriate to the nature of the case, the judgment in such proceedings cannot be said to deprive the owner of his property without due process of law, however obnoxious it may be to other objections.

*Id.* at 516, 37 N.E. at 952, citing *Davidson v. New Orleans* (1877), 96 U.S. 97, 24 L.Ed.616.

**{¶43}** The appellant has failed to argue that R.C. §5715.19(A)(6)(a) are not rationally related to a legitimate goal of government. Furthermore, we find R.C. §5715.19(A)(6)(a) provides for notice and a reasonable mode of contesting the tax assessment as the Supreme Court of Ohio required in *State ex rel. Poe v. Jones*, 51 Ohio St. 492, 516 (1894). Therefore, it does not violate the due process of law.

**{¶44}** Accordingly, the appellant's first, sixth, and seventh Assignments of Error are overruled.

## CONCLUSION

{¶45} For the forgoing reasons, the judgment of the Board of Tax Appeals is hereby affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.