DECISION AND JUDGMENT ENTRY
On May 15, 2000, relator filed a "Petition for Writ of Habeas Corpus." Relator, who was confined for violating the conditions of post-release control, contends that the post-release control statute, R.C. 2967.28, is unconstitutional as a whole and as applied to him. Relator further contends that his punishment for violating the post-release control sanctions operates as an ex post facto law and is, therefore, unconstitutional. Respondent, the Ohio Adult Parole Authority, filed a motion to dismiss or, in the alternative, a motion for summary judgment. Respondent Cochran filed an answer. We have fully considered all the responsive pleadings filed by the parties.
Revised Code 2967.28 governs the required periods of post-release control, the procedures to be followed when a violation of the conditions imposed as part of post-release control allegedly occur, and the penalties for violations. (The conditions or terms to which the offender agrees to abide by before being released on post-release control are referred to in R.C. 2967.28 as sanctions.) Revised Code 2967.28 (B) and (C) state that any sentence for a felony shall include a requirement that the offender is subject to a period of post-release control, to be imposed by the parole board, after the offender has been released from prison. Relator contends that he is being detained as a penalty for violating the post-release control sanctions imposed on him as the result of a 1994 conviction and sentence for escape, a case which predates the enactment of the R.C.2967.28 post-release control scheme. Respondents contend that the post-release control sanctions were imposed in connection with his 1997 conviction and sentence for assault. As the result of our decision finding that R.C. 2967.28 is unconstitutional, we need not address the ex post facto question.
First, we note that all legislative enactments are strongly presumed to be constitutional. "An enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." State ex rel. Dickman v. Defenbacher
(1955), 164 Ohio St. 142, 128 N.E.2d 59, paragraph one of syllabus. The presumption of constitutionality cannot be overcome unless the limitation on legislative power is clearly prohibited by the Constitution. Village of Monroeville v. Ward (1971),27 Ohio St.2d 179, 271 N.E.2d 757. Furthermore, legislation will not be invalidated unless the challenger establishes beyond a reasonable doubt that the statute is unconstitutional. State v.Thompkins (1996), 75 Ohio St.3d 558, 560, 664 N.E.2d 926, 928.
In both R.C. 2967.28, post-release control, and R.C. 2967.11, bad time, the General Assembly granted sentencing authority to the parole board to impose prison terms on offenders, as the board, at its discretion, deems necessary. The Supreme Court of Ohio held that a term of incarceration cannot be imposed by a branch of government, other than the judiciary, without violating the doctrine of separation of powers. State ex rel. Bray v.Russell (2000), 89 Ohio St.3d 132, 2000 Ohio LEXIS 1433. Accordingly, the Court found that the bad time statute, R.C.2967.11, is unconstitutional because it delegates the authority to imprison offenders to an administrative arm of the executive branch of government. We find the reasoning in Bray to be persuasive and fully applicable to both the bad time and post-release control statutes.
Revised Code 2967.28 delegates judicial authority to the parole board to impose, at its own discretion, a new term of imprisonment on an offender for violating post-release control sanctions. The new term of imprisonment is not a part of the offender's original sentence because the post-release control sanctions and penalties for violating the sanctions are imposed solely at the discretion of the parole board. In addition, the violation of a post-release control sanction is in no way certain to occur and is contingent on unpredictable future events. Ironically, and irreconcilably, once a defendant's sentence has been carried into execution, the trial court has lost jurisdiction to amend or increase the defendant's sentence. Inthe Matter of Zilba (1996), 110 Ohio App.3d 258, 262-263,673 N.E.2d 997, 999-1000; State v. Greulich (1988), 61 Ohio App.3d 22,26, 572 N.E.2d 132, 134-135. Declaring that a new punishment for an as yet uncommitted offense is a part of the original sentence places form over substance.
In addition, declaring that incarceration for violating the post-release control sanctions is a part of the original sentence abrogates any right to a meaningful appeal of the additional term of imprisonment. If the possibility of incarceration for violating post-release control sanctions is a part of the original sentence, the defendant should have the right to appeal this aspect of his sentence; however, as the court found in Statev. Spikes (Sept. 4, 1998), Lake App. 97-L-158, unreported, a defendant does not have standing to appeal the post-release aspect of his sentence until the new period of incarceration is imposed. Unlike R.C. 2967.11, R.C. 2967.28 contains no provision for any type of an appeal, judicial or administrative, from the parole board's imposition of a new prison term. A defendant only has one direct appeal as of right. Section 3, Article IV, Ohio Constitution. The law is well settled that any issue not raised on direct appeal is waived. State v. Keenan (1993), 66 Ohio St.3d 402,613 N.E.2d 203. In order to achieve standing to appeal that which is purported to be an inherent part of his original sentence, the defendant must forego a timely appeal of his sentence and conviction and hope to be allowed to proceed through an App.R. 5 (A) delayed appeal.
The delegation of sentencing power to an administrative agency violates the doctrine of separation of powers. The Ohio Constitution does not contain a clause specifying that the executive, legislative, and judicial branches of government are separate but equal; however, the Supreme Court of Ohio has consistently emphasized that this doctrine is implicit in the construction of the Constitution. State v. Warner (1990), 55 Ohio St.3d 31,43-44, 564 N.E.2d 18, 31. "The doctrine is intended to protect the integrity and independence of all three branches."State ex rel. Bray v. Russell (2000), 89 Ohio St.3d 132,2000 Ohio LEXIS 1433.
The General Assembly has the power to define criminal conduct and to prescribe penalties for such conduct. Thompkins,75 Ohio St.3d at 560, 664 N.E.2d at 928. The General Assembly also has the power to create courts. Seventh Urban v. University CircleProperty (1981), 67 Ohio St.2d 19, 423 N.E.2d 1070. However, the fact that the General Assembly has the power to define criminal statutes and penalties, and to create courts for the enforcement thereof, does not likewise give it the authority to delegate the power to an administrative board to impose an additional period of incarceration as a penalty. The Ohio Constitution specifically prohibits the General Assembly from exercising any judicial power, unless authorized to do so by a Constitutional provision. Section 32, Article II, Ohio Constitution.
Accordingly, we hold that R.C. 2967.28 is unconstitutional insofar as it delegates judicial authority to impose prison sentences on releasees to any branch of government other than the judiciary.
PETITION GRANTED.
 JUDGMENT ENTRY
Relator's petition for a writ of habeas corpus is granted. Relator is now incarcerated at the Correctional Reception Center. The Warden of the Correctional Reception Center is ordered to release relator from custody. Petitioner is discharged.
The costs of this action are charged to respondents.
This Decision and Judgment Entry constitutes a FINAL APPEALABLE ORDER pursuant to R.C. 2505.02. The date for filing an appeal commences with the filing of this judgment.
Harsha, J., and Evans, J.: Concur.
 By: _______________________________ Roger L. Kline, Presiding Judge