OPINION
This is an appeal from a decision of the Court of Common Pleas of Stark County denying a defense motion to suppress evidence.
The Appellant raises two Assignments of Error:
 I. THE TRIAL COURT ERRED IN FINDING ALLIANCE CITY ORDINANCE 509.14 VALID (Ex. B).
 II. THE TRIAL COURT ERRED IN NOT SUPPRESSING THE SEARCH OF DEFENDANT-APPELLANT. (Ex. D).
 I.
The facts of this case as indicated by the record of evidence submitted on the motion to suppress are that on May 18, 2000 Alliance Police Officer Hilles at about 2:00 a.m., heard a loud noise emanating from the vehicle being operated by the Appellant. The distance between the vehicle of the Appellant and the Officer's cruiser was estimated at 300 feet. (T. at 12).
Alliance City Ordinance 509.14(a) provides:
 No person shall generate or permit to be generated unreasonable noise or loud sound by means of radio, tape player, compact disc player, phonograph, television, loudspeaker, or any other sound amplifying device or by any horn, drum, piano, or other musical or percussion instrument on a street, highway, or in the public right-of-way where the sound is audible 100 feet from the device.
Officer Hilles believed the Appellant had been previously warned of the loud noise the preceding night.(T. at 11).
The Appellant drove past the officer without reducing the sound level. (T. at 11).
The officer stopped Appellant's vehicle with intent to issue a citation. He ordered the trunk to be opened to obtain information as to any sound equipment which may be subject to forfeiture pursuant to subdivision (e) of Ordinance 509.14:
 Upon a conviction of a second violation of this section, both the sound equipment and the motor vehicle are hereby deemed contraband and subject to seizure and forfeiture under Ohio R.C. 2933.41 through 2933.43 unless and until the offender has removed the sound equipment from the motor vehicle within 15 days of the conviction and upon conviction of any subsequent violation of this section, both the sound equipment and the motor vehicle are hereby deemed contraband and subject to seizure and forfeiture under Ohio R.C. 2933.41
through 2933.43 unless and until the offender has removed the sound equipment from the motor vehicle within 15 days of the conviction upon which event the motor vehicle shall be returned to the offender and the sound equipment shall remain subject to the provision of Sections 2933.41
through 2933.43 of the Ohio Revised Code.
The trunk revealed nothing and the officer then requested a search of the interior, passenger area of the vehicle. His actual intention was to search for illegal drugs, as he suspected through other information that the defendant was involved in drug sales.
Appellant readily consented to this search. (T. at 14).
After such fruitless search Officer Hilles asked for consent to perform a pat down search of Appellant's person. Appellant again consented. (T at 15). Nothing was found.
The officer noticed that Appellant's shoes were untied and spread. (T. at 17).
Knowing from experience that drugs are often carried in shoes, Officer Hilles requested to search Appellant's shoes. (T. at 17-18).
The Appellant indicated a reluctance at first but then kicked off his shoes for examination. (T. at 18-19).
As appellant McCroskey and the officer knew each other, all aspects of the stop and resulting searches were conducted in a friendly, courteous manner by both parties. (T. at 20).
No force was used and no threats were made. The officer's weapon remained holstered. (T. at 19-20). None of the searches involved concern by the officer for his safety. (T. at 27).
The Appellant admitted during booking that he knew he had the right to deny consent to the search of his person or shoes. (T. at 21).
Addressing first the issue of the constitutionality of Alliance Ord 509.14, pursuant to State ex rel. Herbert v. Ferguson (1944),142 Ohio St. 496 and its progeny, courts are not to pass upon the constitutionality of a statute unless necessary to decide the case.
It is well settled that statutes are presumed constitutional and will not be invalidated unless the challenger establishes unconstitutionality beyond a reasonable doubt. See: State v. Thompkins (1996),75 Ohio St.3d 558.
These cases referencing statutes would also apply to ordinances.
Appellant argues that Alliance Ord. 509.14 is invalid in that it fails to follow the requirements of subsections (C) and (D) of R.C. §4513.221:
 (C) Maximum noise limits established pursuant to division (B) of this section shall be measured on the "A" scale of a standard sound level meter meeting the applicable requirements for a type 2 sound level meter as defined in American national standards institute standard S1.4-1983, or the most recent revision thereof. Measurement practices shall be in substantial conformity with standards and recommended practice established by the society of automotive engineers, including SAE standard J 986 A NOV81, SAE standard J 366 MAR85, SAE standard J 331 A, and such other standards and practices as may be approved by the federal government.
 (D) No regulation enacted under division (B) of this section shall be effective until signs giving notice of the regulation are posted upon or at the entrance to the highway or part thereof affected, as may be most appropriate.
As to this claim we must disagree as it is quite clear that R.C. §4513.221 does not apply to municipalities.
The applicable statute is R.C. § 715.49:
 (A) Any municipal corporation may prevent riot, gambling, noise and disturbance, and indecent and disorderly conduct or assemblages, preserve the peace and good order, and protect the property of the municipal corporation and its inhabitants.
 (B) Anytime a noise ordinance of a municipal corporation is violated, but the source of the noise is located outside the borders of that municipal corporation in an adjoining municipal corporation, the municipal corporation with the ordinance may enforce the ordinance against that source as long as there is a written agreement between the two municipal corporations permitting such enforcement.
This court agrees with appellant that a reasonable degree of clarity in enacted ordinances is required. Roberts v. United States Jaycees (1984), 468 U.S.609. However, this court finds that the 100 foot audibility level required by Alliance Ordinance 509.14(a) meets such standard that was known by the Appellant and is a valid exercise of the police power of the city of Alliance.
Therefore, Assignment of Error I is not well taken.
 II.
The Second Assignment of Error is predicated upon the assertion of an illegal detention of the Appellant.
In State v. Barnes (1986), 25 Ohio St.3d 203, cited by appellant, the court determined, as did the trial court in the case sub judice, that the voluntariness of the consent must be taken from the totality of the circumstances.
Here, the officer and the Appellant knew each other, no force or threats, express or implied, were utilized.
The defendant admitted that he knew he could refuse the search.
Since the stop was based on a valid ordinance and the defendant was not under arrest and could have refused the search, we must conclude that the consent given when the Appellant, upon request, removed his shoes for examination was a voluntary consent and must reject the Second Assignment of Error and affirm the decision of the trial court as to the motion to suppress.
The judgment of the trial Court is affirmed.
Boggins, J., Edwards, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our Memorandum-Opinion, the judgment of the Common Pleas Court of Stark County, Ohio, is affirmed. Costs to appellant.