OPINION
{¶ 1} On July 3, 2002, appellant, Kenneth Tolley, was charged with one count of possession of marijuana in violation of R.C. 2925.11. On August 26, 2002, appellant pled no contest to the charge. At that time, appellant challenged the mandatory license suspension, claiming the provision was unconstitutional as it applied to him. Appellant allegedly is a paraplegic and lives alone in a rural community.[1] Appellant claimed the driver's license suspension would threaten his very existence. The trial court denied the challenge.
 {¶ 2} By judgment entry filed October 4, 2002, the trial court ordered appellant to pay a $100.00 fine plus costs and suspended his driver's license for six months. Said sentence was stayed pending this appeal.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The trial court erred in denying defendant-appellant's motion to find the mandatory driver's license suspension in Ohio revised code § 2925.11 to be unconstitutional as it applied to defendant."
 I {¶ 5} Appellant claims the mandated driver's license suspension of R.C. 2925.11 is unconstitutional under the Sixth and Eighth Amendments to the United States Constitution because the punishment far exceeds the severity of the crime as it applies to him. Specifically, appellant claims the driver's license suspension creates a greater burden to him because of his physical limitations. We disagree.
 {¶ 6} In State v. Thompkins, 75 Ohio St.3d 558, 1996-Ohio-264, the Supreme Court of Ohio found R.C. 2925.11 to be constitutional. The court found the statute was rationally related to the legislature's goals and was a lawful exercise of police power. Although the challenge was not based on Sixth and Eighth Amendment violations, we nonetheless find the reasoning of Thompkins to be persuasive.
 {¶ 7} Further, the record sub judice does not support appellant's conclusion that he was overly or unduly punished. The record merely shows appellant claimed the statute was unconstitutional as it applied to him. See, Agreed Statement of Record for Appeal filed February 14, 2003. There are no specific facts or issues contained in the record to substantiate the claim.
 {¶ 8} The sole assignment of error is denied.
 {¶ 9} The judgment of the Municipal Court of Ashland County, Ohio is hereby affirmed.
By Farmer, J., Hoffman, J. and Edwards, J. concur.
[1] These facts are within appellant's brief, but are not in the record.