OPINION
{¶ 1} This is an appeal from a decision of the Guernsey County Common Pleas Court as to a declaratory judgment and mandatory injunction action filed by Appellant's predecessor, DeLite Outdoor Advertising of Ohio, Inc.
 STATEMENT OF FACTS {¶ 2} The facts indicate that Appellant acquired ownership to a billboard which was erected on Lot 12, Carson's Addition to the City of Cambridge pursuant to a permit and approved construction plans.
 {¶ 3} Subsequently, Appellee concluded that such billboard had been located by one of Appellant's predecessors, Lockridge, on the roadway right of way.
 {¶ 4} Lockridge was advised to remove the billboard from its location or apply for a variance.
 {¶ 5} Lockridge transferred ownership rights to DeLite Outdoor Advertising of Ohio which in turn sold these rights to Appellant after suit was filed.
 {¶ 6} The variance requested pursuant to the communication given was denied by the Zoning and Planning Commission of Appellee.
 {¶ 7} DeLite thereafter removed the billboard from its existing location, obtained construction plan approval and rebuilt it outside of the right of way.
 {¶ 8} During this entire process, on July 13, 1998, Appellee's City Council passed an ordinance declaring a temporary moratorium forbidding the erection of billboards within the city. Such temporary prohibition was continued by subsequent council actions until a revised zoning code was enacted making the erection of new billboards in violation thereof.
 {¶ 9} The Assignment of Error is:
 {¶ 10} "The judgment of the trial court was contrary to law. the city's exercise of its police powers constituted an unconditional taking of appellant's property."
 {¶ 11} The facts reviewed by the Briefs examine in detail the actions and communications between the parties and Appellant's predecessors in interest.
 {¶ 12} However, the essential fact is that, while the original billboard was erected pursuant to approved plans and permit, sufficient evidence established that it was illegally located within the state highway right of way.
 {¶ 13} Such location required removal.
 {¶ 14} Even though Appellant's predecessor was advised that a variance was an option, as opposed to outright removal, we express some doubt as to the authority of the city to grant a variance without state approval. However, we are not called upon to make a definitive determination on such question, especially in view of the denial thereof.
 {¶ 15} The Court concluded, based upon sufficient evidence, that a new permit application had been requested, and that the relocated billboard constituted a new billboard construction subject to Cambridge Ordinance § 154.04(A):
 {¶ 16} "No person, firm, or corporation shall erect, construct, enlarge, alter, repair, improve, move, or demolish any building, or structure without first obtaining a separate building permit for each building or structure from the office of the City Engineer for such purpose."
 {¶ 17} The legal issue then becomes, not the factual history as to initially permitted construction nor as to the reconstruction out of the state right of way but rather, was Appellant, through its predecessors in interest, possessed of property rights, the divestion of which required just compensation, and whether the Appellee possessed the statutory or constitutional power to enact the temporary and permanent prohibitions as to construction of new billboards.
 {¶ 18} The statutory authority is contained in R.C. 715.27(A) and (A)(1).
 {¶ 19} "(A) Any municipal corporation may:
 {¶ 20} "(1) Regulate the erection of fences, billboards, signs, and other structures, within the municipal corporation, and provide for the removal and repair of insecure billboards, signs, and other structures;"
 {¶ 21} It is well settled that statutes are presumed constitutional and will not be invalidated unless the challenger establishes unconstitutionality beyond a reasonable doubt. SeeState v. Thompkins (1996), 75 Ohio St.3d 558. Such presumption also applies to city ordinances.
 {¶ 22} It is well-established that, where a State action infringes upon a fundamental right, said action becomes the subject of strict judicial scrutiny and will be upheld only upon a showing that it is justified by a compelling state interest and is the least restrictive alternative necessary to effectuate that interest. See, generally: Eisenstadt v. Baird (1972),405 U.S. 438; Zablocki v. Redhail (1978), 434 U.S. 374; Bd. Edn. ofCity School District of City of Cincinnati v. Walter (1979),58 Ohio St.2d 368.
 {¶ 23} The Ohio Supreme Court in Ghaster Properties, Inc. v.Preston, Director of Highways (1964), 176 Ohio St. 425, provided by R.C. 5516.01 et seq. relative to billboards located within 660 feet of interstate highways and came to 11 conclusions which are instructive to the factual scenario here presented.
 {¶ 24} "1. An owner's right as a user of his land is limited to a lawful use thereof.
 {¶ 25} "2. Legislation may provide that a particular use of land shall be unlawful or a nuisance even though such use had theretofore been lawful.
 {¶ 26} "3. Where a valid statute has prohibited a particular use of property or has provided that such use shall constitute a nuisance, the owner no longer has a lawful or legitimate right to so use his land.
 {¶ 27} "4. Whether a statute, providing that a particular use of land shall be unlawful or a nuisance, is valid will depend upon whether it comes within the police power.
 {¶ 28} "5. The general welfare of the public as a basis for the exercise of the police power encompasses more than the public health, safety and morals.
 {¶ 29} "6. In considering whether a proposed statute prohibiting billboards adjacent to a highway bears a real and substantial relation to the public welfare, the General Assembly may properly give weight not only to its effect in promoting public safety but also to its effect in promoting the comfort, convenience and peace of mind of those who use the highway by removing annoying intrusions upon that use.
 {¶ 30} "7. The determination by the General Assembly that Sections 5516.01 to 5516.05 and 5516.99, Revised Code, bear a real and substantial relationship to the public safety and general welfare is not clearly erroneous and will not be disturbed.
 {¶ 31} "9. [SIC] A statute is neither unreasonable nor arbitrary because it prohibits signs which advertise a product not sold on the property but permits signs advertising products sold on the property.
 {¶ 32} "9. Sections 5516.01 to 5516.05 and 5516.99, Revised Code, are valid and constitutional in their general application
 {¶ 33} "10. The relation between the public welfare and the prohibition of billboards adjacent to the interstate highway system is at least as real and substantial where such billboards are visible only on access roads at an interchange with an interstate highway as where they are visible at other points on the interstate highway system.
 {¶ 34} "11. A statutory prohibition against maintenance of billboards may be applied against signs in existence at the time of the enactment of such statute."
 {¶ 35} The Court, in arriving at the several opinions stated also reviewed the arguments as to the necessity of just compensation for the land use prohibition and stated:
 {¶ 36} "In support of this contention, it is argued that property, within the meaning of the foregoing constitutional provisions, includes the right to use land and that, therefore, the deprivation of the right to use land, by the prohibition in these statutes against its use for billboard purposes, is a taking in part of property.
 {¶ 37} "[1] This line of argument is fallacious because it is necessarily based upon the assumption that the ownership of land includes an unrestricted right to use such land for any purpose for which it is useable.
 {¶ 38} "This fallacy is demonstrated by the words of Section19 of Article I of the Ohio Constitution that `[p]rivateproperty shall ever be held inviolate, but subservient to thepublic welfare."'
 {¶ 39} "The authorities relied upon by Ghaster also disclose this fallacy. They all recognize that an owner's right as a user of his land is limited to a `lawful' or `legitimate' use. SeeTerrace v. Thompson, Atty. Genl. (1923), 263 U.S. 197,44 S.Ct. 215, 68 L.Ed. 255; State of Washington ex rel. Seattle TitleTrust Co., Trustee, v. Roberge, Supt. (1928), 278 U.S. 116,49 S.Ct. 50, 73 L.Ed. 210, 86 A.L.R. 654; and City of Akron v.Chapman (1953), 160 Ohio St. 382, 116 N.E.2d 697, 42 A.L.R.2d 1140."
 {¶ 40} It should be noted that the Supreme Court in reviewing the effect of R.C. 5516.01 et seq. did no require that a nuisance be found as it stated that the use be unlawful or a nuisance.
 {¶ 41} We find the reasoning found as to such Revised Code sections to be equally applicable to the ordinances of Appellee and that the exercise of Appellee's decision to prohibit the construction of the new billboard was within the purview of its police powers and did not equate to a taking without just compensation.
 {¶ 42} The Assignment of Error is not well taken and is rejected.
 {¶ 43} This cause is affirmed.
Boggins, J., Hoffman, P.J., and Wise, J., concurs