[Cite as *State v. Stevens*, 2017-Ohio-8692.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| DOUGLAS LYNN STEVENS | : | Case No. 2017CA00024 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Case No. 2016 CR 1606

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      November 20, 2017

APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
Prosecuting Attorney

By: RONALD MARK CALDWELL
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza South, Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellant

JEFFREY R. JAKMIDES
325 East Main Street
Alliance, Ohio 44601

*Baldwin, J.*

**{¶1}** Defendant-appellant Douglas Lynn Stevens appeals his sentence from the Stark County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On August 30, 2016, the Stark County Grand Jury indicted appellant on one count of illegal manufacture of drugs in violation of R.C. 2925.04(A)(C)(2), a felony of the second degree, one count of illegal cultivation of marijuana in violation of R.C. 2925.04(A)(C)(5)(f), a felony of the second degree, and one count of possession of marijuana in violation of R.C. 2925.11(A)(C)(3)(f), a felony of the second degree. Appellant was also indicted on one count of trafficking in marijuana in violation of R.C. 2925.03(A)(2)(C)(3)(f), a felony of the second degree, and one count of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A), a felony of the third degree. At his arraignment on September 2, 2016, appellant entered a plea of not guilty to the charges.

**{¶3}** Thereafter, on January 11, 2017, appellant withdrew his former plea of not guilty and entered a plea of no contest[1] to all of the charges. The trial court found appellant guilty. At the January 17, 2017 sentencing hearing, the trial court indicated that it had considered defense counsel's arguments that mandatory minimum prison sentences were unconstitutional, but noted that it did not have discretion because "[t]he legislature has not allowed the judges in the State of Ohio complete discretion in their sentencing." Transcript at 6. The trial court also considered appellant's argument that the mandatory

---

[1] The trial court, in its January 20, 2017 Judgment Entry, incorrectly stated that appellant had pleaded guilty.

sentence of eight years constituted cruel and unusual punishment and rejected such argument.

{¶4}  As memorialized in a Judgment Entry filed on January 20, 2017, appellant was then sentenced to two mandatory minimum eight year sentences for illegal manufacture of drugs and illegal cultivation of marijuana, two mandatory minimum sentences of five years for possession of marijuana and trafficking in marijuana and a sentence of three years for illegal assembly or possession of chemicals for the manufacture of drugs. The trial court ordered that the sentences be served concurrently, for an aggregate prison sentence of eight years.

{¶5}  Appellant now raises the following assignment of error on appeal:

{¶6}  THE MANDATORY MINIMUM TERMS OF INCARCERATION PURSUANT TO R.C. 2925.04(A)(C)(2)(f), R.C. 2925.04(A)(C)(5)(f), R.C. 2925.11(A)(C)(3)(f), R.C. 2925.03(A)(2)(C)(3)(f), R.C. 2925.041(A) ARE UNCONSTITUTIONAL BECAUSE THEY CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT AS THEY ARE SO DISPROPORTIONATE TO THE OFFENSE AND SHOCKING TO THE SENSE OF JUSTICE IN THE COMMUNITY.

I

{¶7}  Appellant, in his sole assignment of error, challenges his sentence. Appellant argues that his mandatory minimum terms of incarceration are unconstitutional "because they constitute cruel and unusual punishment as they are so disproportionate to the offense and shocking to the sense of justice in the community." We disagree.

{¶8}  The Eighth Amendment to the United States Constitution prohibits excessive sanctions and provides: "Excessive bail shall not be required, nor excessive

fines imposed, nor cruel and unusual punishments inflicted." Section 9, Article I of the Ohio Constitution likewise sets forth the same restriction: "Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted." The Ohio Supreme Court has noted, "Central to the Constitution's prohibition against cruel and unusual punishment is the 'precept of justice that punishment for crime should be graduated and proportioned to [the] offense.' " *In re C.P.,* 131 Ohio St.3d 513, 2012–Ohio–1446, 967 N.E.2d 729, ¶ 25, quoting *Weems v. United States,* 217 U.S. 349, 367, 30 S.Ct. 544, 54 L.Ed. 793 (1910).

{¶9}   "'The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are "grossly disproportionate" to the crime.' " *State v. Weitbrecht,* 86 Ohio St.3d 368, 372, 1999-Ohio-113, 715 N.E.2d 167, quoting *Harmelin v. Michigan,* 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) , (Kennedy, J., concurring in part and in judgment). Our proportionality analysis under the Eighth Amendment should be guided by objective criteria, "including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *State v. Morin,* 5th Dist. Fairfield No.2008–CA–10, 2008–Ohio–6707, ¶ 69, citing *Solem v. Helm,* 463 U.S. 277, 290–292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). It is well established that sentences do not violate these constitutional provisions against cruel and unusual punishment unless the sentences are so grossly disproportionate to the offenses as to shock the sense of justice in the community. *State v. Chaffin,* 30 Ohio St .2d 13, 282 N.E.2d 46 (1972), syllabus.

**{¶10}** "As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." *McDougle v. Maxwell,* 1 Ohio St.2d 68, 69, 203 N.E.2d 334 (1964). "[P]unishments which are prohibited by the Eighth Amendment are limited to torture or other barbarous punishments, degrading punishments unknown at common law, and punishments which are so disproportionate to the offense as to shock the moral sense of the community." *Id.*

**{¶11}** The trial court, in the case sub judice, cited to *State v. Campa,* 1st Dist. No. C–010254, 2002-Ohio-1932 at the sentencing hearing. In *Campa*, after the appellant was convicted of trafficking in marijuana, the trial court imposed the mandatory maximum sentence of eight year's incarceration for a drug conviction involving over twenty thousand grams of marijuana. On appeal, the appellant argued, in part, in his final assignment of error that that the imposition of a mandatory eight-year term of incarceration pursuant to R.C. 2925.11(C)(3)(f) was unconstitutional because it constituted cruel and unusual punishment. In overruling the assignment of error, the court, in *Campa*, held, in relevant part, as follows at *6:

> This same issue has been addressed by the Eleventh District Court of Appeals in *State v. Powell* (Dec. 31, 1998), Lake App. No. 97–L–253, unreported, appeal not allowed (1999), 85 Ohio St.3d 1477, 709 N.E.2d 849. We agree that as R.C. 2925.11(C)(3) sets forth a reasonable progression of harsher sentences for possession of a larger quantities of marijuana, and the mandatory eight-year sentence is not disproportionate to other crimes of similar stature, it does not constitute cruel and unusual punishment. Moreover, the General Assembly has the authority to define

criminal conduct and to determine the appropriate punishment. See *State v. Thompkins* (1996), 75 Ohio St.3d 558, 560, 664 N.E.2d 926, 928–929. Mandatory sentencing laws enacted pursuant to this authority do not usurp the judiciary's power to determine the sentence of individual offenders.

**{¶12}** In State v. *Rosado*, 8th Dist. No. 88504, 2007-Ohio-2782, the court addressed whether or not imposition of the mandatory ten year term of imprisonment for a major drug offender constituted cruel and unusual punishment. The court, in holding that the sentence did not constitute cruel and unusual punishment, stated, in relevant part, as follows at paragraph 14.

> There can be no serious contention, then, that a sentence which is not otherwise cruel and unusual becomes so simply because it is 'mandatory.' "*Harmelin v. Michigan* (1991), 501 U .S. 957, 995. A punishment is cruel and unusual only if it is so disproportionate to the offense as to shock the community's sense of justice. *State v. Chaffin* (1972), 30 Ohio St.2d 13, paragraph three of the syllabus. A ten-year term of imprisonment for possession of more than one hundred grams of crack cocaine is not disproportionate to the sentences imposed for crimes of similar stature. Cf. *State v. Conner,* Cuyahoga App. No. 84073, 2005-Ohio-1971, ¶ 61. Therefore, the mandatory ten-year term of imprisonment is not cruel and unusual. Accordingly, we overrule the sixth and seventh supplemental assignments of error.

**{¶13}** Based on the foregoing, we find that appellant's sentence does not constitute cruel and unusual punishment. As noted by appellee, "Ohio appellate courts

have consistently and repeatedly rejected constitutional challenges to the mandatory nature of various provisions of Ohio's felony sentencing scheme." Moreover, we note that the trial court, in rejecting appellant's argument that his sentence was disproportionate, noted that appellant had "258 plants in various stages of growth" and that "[t]he crime lab weighed only 16 of the [55 to 60] bags [of plants] for a total weight of 66,708 grams which was, I believe, more than three times the minimum weight required under the statute,…" Transcript at 11-12. We find that appellant's sentence is not so disproportionate to the offenses as to shock the community's sense of justice.

{¶14} Appellant's sole assignment of error is, therefore, overruled.

{¶15} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, J.

John Wise, P.J. and

Earle Wise, J. concur.