[Cite as *State v. Phillips*, 2018-Ohio-143.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

     Plaintiff-Appellee

-vs-

BRADLEY PHILLIPS

     Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 17 COA 012

O P I N I O N


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
Pleas, Case No. 16 CRI 208


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     January 11, 2018


APPEARANCES:

For Plaintiff-Appellee

CHRISTOPHER R. TUNNELL
PROSECUTING ATTORNEY
VICTOR R. PEREZ
ASSISTANT PROSECUTOR
110 Cottage Street
Ashland, Ohio 44805

For Defendant-Appellant

BRIAN A. SMITH
BRIAN A. SMITH LAW FIRM LLC
755 White Pond Drive
Suite 403
Akron, Ohio 44320

*Wise, J.*

**{¶1}** Appellant Bradley Phillips appeals the May 22, 2017, decision of the Ashland County Court of Common Pleas denying his Motion to Vacate Judicial Sanction.

**{¶2}** Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** On July 15, 2016, Appellant Bradley Phillips was indicted on three counts of unlawful sexual conduct with a minor, all felonies of the third degree and violations of R.C. §2907.04(A).

**{¶4}** This case arose from a course of conduct where he engaged in multiple acts against the 14 year old female victim. The trial court stated that his acts against the victim, while entrusted to his care as her babysitter, were "one of the most serious type of offenses against another human being that you can engage in." (Sent. T. at 11).

**{¶5}** The indictment and subsequent Bill of Particulars alleged that between June 1, 2015 and October 22, 2016, Appellant Phillips engaged in various sexual acts with a minor, "Jane Doe", when Appellant knew the minor was more than thirteen but less than sixteen years of age, or was reckless in that regard. (Bill of Particulars, Case No. 16-CRI-208, December 7, 2016, pp. 1-2).

**{¶6}** On January 4, 2017, Appellant entered a plea of guilty to a single count of unlawful sexual conduct with a minor, with the remaining charges being dismissed on the State's motion pursuant to a negotiated plea agreement.

**{¶7}** At the sentencing hearing, trial counsel for Appellant stressed that this was Appellant's first felony offense, and that Appellant was remorseful for his actions. The State acknowledged that this was his first felony offense but stated that that he did have

a previous criminal record. The State also argued that there were three seriousness factors present that made this crime more serious than usual. Those factors are: (1) the injury to the victim was worsened by the physical or mental condition or age of the victim; (2) the victim suffered serious physical, psychological, or economic harm as a result of the offense; and (3) the offender committed the offense as part of the organized criminal activity that is planned activity engaged in over a period of time. The State stressed that this offense was committed against a 14-year-old girl.

{¶8} During the sentencing hearing, the trial court heard from counsel for the Appellant, the State, the victim's mother, and the victim's advocate who read aloud a letter from the victim.

{¶9} The trial court stated on the record that it reviewed the pre-sentence investigation and victim impact statement, along with some letters. The trial court stated that it was required to comply with the purposes and principles of the Ohio Sentencing Statutes. The trial court further stated that it believed the moderate ORAS score was underreported and that the court found three seriousness factors instead of the reported two. The court specifically discussed the three seriousness factors, *supra*, while also finding that Appellant had not committed a felony before this, a positive factor. The trial court found, and stated on the record, that Appellant was not amenable to community control, and that a minimum prison sentence would demean the seriousness of the offense.

{¶10} In the sentencing entry, the trial court stated that it reviewed the purposes of felony sentencing under RC. §2929.11 and listed those purposes. The trial court also stated that it "fully considered the provisions of O.R.C. Chapter 2929, the circumstances

of the offenses, the information contained in the pre-sentence investigation, and the information furnished by the parties to this case." The trial court further stated in its judgment entry that the prison sentence was "[b]ased upon the consideration of the purposes and principles of the felony sentencing law, the statutory sentencing factors, and after weighing the above findings ..." The court decided that Appellant was not amenable to community control, and that it would demean the seriousness of the crime.

{¶11} The trial court sentenced Appellant to serve a 54-month prison term with credit for time served.

{¶12} Appellant now appeals, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

{¶13} "I. APPELLANT'S SENTENCE WAS CONTRARY TO LAW.

{¶14} "II. THE TRIAL COURT'S SENTENCE OF APPELLANT WAS NOT SUPPORTED BY THE RECORD."

**I.**

{¶15} In his First Assignments of Error, Appellant argues his sentence was contrary to law. We disagree.

{¶16} This Court reviews felony sentences using the standard of review set forth in R.C. §2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31. Pursuant to R.C. §2953.08(G)(2), this Court may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. §2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or §2929.20(I), or the sentence is

otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177.

**{¶17}** Accordingly, pursuant to *Marcum, supra,* this Court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under relevant statutes, or (2) the sentence is otherwise contrary to law.

**{¶18}** "An appellate court will not find a sentence clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post-release control, and sentences the defendant within the permissible statutory range." *State v. Ahlers,* 12th Dist. Butler No. CA2015–06–100, 2016–Ohio–2890, ¶ 8, citing *State v. Moore,* 12th Dist. Clermont No. CA2014–02–016, 2014–Ohio–5191, ¶ 6.

**{¶19}** Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477, 120 N.E.2d 118.

**{¶20}** Under R.C. §2929.11(A), the "overriding purposes" of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government

resources. To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. R.C. §2929.11(A).

**{¶21}** R.C. §2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. §2929.11. R.C. §2929.12.

**{¶22}** Among the various factors that the trial court must consider and balance under R.C. §2929.12 are: (1) serious physical, psychological, or economic harm to the victim as a result of the offense; (2) whether the offender has a history of criminal convictions; (3) whether the offender has not responded favorably to sanctions previously imposed by criminal convictions; and (4) whether the offender shows genuine remorse for the offense. R.C. §2929.12.

**{¶23}** R.C. §2929.11 and §2929.12 require consideration of the purposes of felony sentencing, as well as the factors of seriousness and recidivism. *See State v. Mathis,* 109 Ohio St.3d 54, 846 N.E.2d 1, 2006–Ohio–855, ¶ 38.

**{¶24}** In the case *sub judice*, at the sentencing hearing in this matter, both parties acknowledged that while this was Appellant's first felony offense, he did have a prior criminal history. (Sent. T. at 3, 7-8). Additionally, the trial court did hear from Appellant's counsel that Appellant was remorseful for his actions. (*Id.* at 3-4, 11). The trial court

stated on the record that it had reviewed the PSI, the victim impact statement, and various letters. (Id. at 3). The trial court further stated it was required to comply with the purposes and principles of the Ohio Sentencing Statutes." (*Id.* at 10). The trial court then stated that it believes that the ORAS score was under-reported, finding three seriousness factors instead of the indicated two on the report. (*Id.* at 10-11).

**{¶25}** In its sentencing entry, the trial court states that it had "reviewed the purposes of felony sentencing as set forth in Ohio Revised Code Section 2929.11" and then specifically listed each subsection from that section. (Sent. JE at 2). The trial court then went on to state that "[i]n fashioning a sentence in this case, the Court has fully considered the provisions of O.R.C. Chapter 2929, the circumstances of the offense, the information contained in the pre-sentence investigation and the information furnished by the parties in this case." *Id.*

**{¶26}** Additionally, the trial court also stated: "[b]ased upon consideration of the purposes and principles of the felony sentencing law, the statutory sentencing factors, and after weighing the above findings, this Court finds that the Defendant is NOT amenable to community control sanctions and that a prison sentence is consistent with the purposes and principles of the felony sentencing law and that community control is not required." (*Id.* at 2-3).

**{¶27}** Based on the foregoing discussion during the hearing concerning the sentencing factors of R. C. §2929.12 and the trial court's judgment entry, we find that the trial court considered the sentencing factors of R.C. §2929.12, there is not clear and convincing evidence that Appellant's sentence is contrary to law

**{¶28}** Appellant's First Assignment of Error is overruled.

**II**.

**{¶29}**  In his Second Assignment of Error, Appellant argues that his sentence was not supported by the record. We disagree.

**{¶30}**  R.C. §2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. ¶2929.11. R.C. ¶2929.12.

**{¶31}**  Here, the trial court sentenced Appellant to 54 months in prison.

**{¶32}**  As stated above, the trial court stated on the record that it had reviewed the PSI, the victim impact statement and various letters. (*Id.* at 3). The court noted that Appellant had sexually assaulted a 14-year-old girl who was entrusted to his care, and that this was "one of the most serious types of offenses against another human being that you can engage in." (*Id.* at 11). The trial court then stated that it believed that the moderate ORAS score was under-reported, finding three seriousness factors instead of the indicated two on the report. (*Id.* at 10-11). The court also stated: "[b]ased upon consideration of the purposes and principles of the felony sentencing law, the statutory sentencing factors, and after weighing the above findings, this Court finds that the Defendant is NOT amenable to community control sanctions and that a prison sentence is consistent with the purposes and principles of the felony sentencing law and that community control is not required." (*Id.* at 2-3). In the sentencing entry, the trial court

found that a minimum sentence would demean the seriousness of the crime in this case. (Sent. T. at 11-12).

{¶33} Based on the foregoing, we find no clear and convincing evidence that the record does not support the sentence.

{¶34} Appellant's Second Assignment of Error is overruled.

{¶35} The judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

JWW/d 1227