[Cite as *State v. Mathew*, 2018-Ohio-3405.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. CT2017-0051 |
| MICHAEL D. MATHEW | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:  Criminal Appeal from the Court of Common Pleas,Case No.  CR2016-0415


JUDGMENT:  Affirmed


DATE OF JUDGMENT ENTRY:  August 23, 2018


APPEARANCES:

For Plaintiff-Appellee       For Defendant-Appellant

D. MICHAEL HADDOX       ERIC J. ALLEN
PROSECUTING ATTORNEY     THE ERIC J. ALLEN LAW OFFICE
GERALD V. ANDERSON II     4605 Morse Road
ASSISTANT PROSECUTOR     Suite 201
27 North Fifth Street       Gahanna, Ohio  43240
P.O. Box 189
Zanesville, Ohio  43702-0189

*Wise, John, P. J.*

{¶1} Defendant-Appellant Michael D. Mathew appeals from his convictions, in the Muskingum County Court of Common Pleas, on thirty-six felony counts connected to the fraudulent sale of securities. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2} Between the dates of August 8, 2014 and September 8, 2015, appellant took responsibility for nearly $500,000.00 in investment funds provided by fifteen persons, two of them elderly, in a company known as Mathew Investments, LLC, located in Dresden, Ohio.

{¶3} Despite telling his investors he would hold their deposits in trust and make investments for them in the stock market, appellant commingled the money, spent some of it on himself, and transferred some to a personal E*Trade account for use in options trading. By June 2016, appellant had sustained losses in the E*Trade account totaling more than $266,000.00. At some point, appellant began issuing false account statements to some of the investors. He also used incoming deposits to pay purported returns on some of the accounts as a means of maintaining his investment scheme.

{¶4} The largest losses were sustained by the following investors: Marjorie D. – $126,835.16; Jeffrey B. – $75,000.00; Stephen M. – $75,000.00; M.M. – $55,000.00; J.P. – $40,000.00; Clarence S. – $33,849.47; David M. – $28,451.24; Jeffrey B. – $27,760.00.

{¶5} The remaining investors suffered losses ranging from $2,000.00 to $12,000.00.

{¶6} On December 14, 2016, Appellant Mathew was indicted by the Muskingum County Grand Jury on one count of theft (in the amount $150,000 - $750,000), a felony

of the third degree; one count of acting as an unlicensed securities dealer (in an amount of  more than $150,000), a felony of the first degree; six counts of misrepresentation in the sale of a security (in the amount of $37,500 - $150,000), felonies of the second degree; ten counts of misrepresentation in the sale of a security (in the amount of $1,000 - $37,500), felonies of the fourth degree; six counts of securities fraud (in the amount of $37,500 - $150,000), felonies of the second degree; eleven counts of securities fraud ($1,000 - $7,500), felonies of the fourth degree; two counts of theft (in the amount of $37,500 - $150,000, elderly victim), felonies of the second degree; five counts of publishing a false statement ($1,000 - $7,500), each a felony of the fourth degree; ten counts of misrepresentation in the sale of a security ($7,500 - $37,500), each a felony of the third degree; ten counts of securities fraud ($7,500 - $37,500), each a felony of the third degree; and four counts of publishing a false statement ($7,500 - $37,500), felonies of the fourth degree.

{¶7}    A plea deal was thereafter negotiated wherein appellant pled guilty to thirty-six of the counts, with numerous other counts amended, dismissed or merged with other counts. Via a judgment entry issued on July 17, 2017, prison sentences were ordered on all of the post-merger counts, with terms ranging from eleven months to four years. A number of the counts were further ordered to be served consecutively, with an aggregate sentence of twenty-one and one-half years in prison.

{¶8}    On August 3, 2017, appellant filed a notice of appeal. He herein raises the following three Assignments of Error:

**{¶9}** "I. THE RECORD IN THIS MATTER DOES NOT SUPPORT THE IMPOSITION OF CONSECUTIVE SENTENCES PURSUANT TO STATE LAW R.C. 2929.14.

**{¶10}** "II. THE IMPOSITION OF CONSECUTIVE SENTENCES VIOLATES THE APPELLANT'S EIGHTH AMENDMENT RIGHT AGAINST CRUEL AND UNUSUAL PUNISHMENT APPLICABLE TO THE STATE OF OHIO BY THE FOURTEENTH AMENDMENT.

**{¶11}** "III. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO A CONSECUTIVE THIRTY MONTH PRISON TERM FOR A CRIME COMMITTED AGAINST CLARENCE S."

I.

**{¶12}** In his First Assignment of Error, appellant contends the trial court erred in ordering consecutive sentences for certain of his offenses. We disagree.

**{¶13}** 2011 Am.Sub.H.B. No. 86 revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The General Assembly has thus expressed its intent to revive the statutory fact-finding provisions pertaining to the imposition of consecutive sentences that were effective in the pre–*Foster* era. *See State v. Wells,* 8th Dist. Cuyahoga No. 98428, 2013–Ohio–1179, ¶ 11. The Ohio Supreme Court has clearly held: "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell,* 140 Ohio St.3d 209, 16 N.E.3d 659, 2014–Ohio–3177, syllabus.

**{¶14}** Furthermore, we no longer review sentences pursuant to the standard set forth in *State v. Kalish,* 120 Ohio St. 3d 23, 2008–Ohio–4912, 896 N.E.2d 124. *See State v. Cox*, 5th Dist. Licking No. 16–CA–80, 2017–Ohio–5550, ¶ 9. We now review felony sentences using the standard of review set forth in R.C. 2953.08. *See State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 22. Thus, under R.C. 2953.08(G)(2)(a), we will in this instance consider on appeal whether there is clear and convincing evidence that the record in the case *sub judice* does not support the sentencing court's findings under R.C. 2929.14(C)(4) to impose consecutive sentences. *See State v. Deeb,* 6th Dist. Erie No. E–14–117, 2015–Ohio–2442, ¶ 27.

**{¶15}** We direct our attention to R.C. 2929.14(C)(4), which provides as follows:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of

the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶16}** In a nutshell, "R.C. 2929.14(C)(4) provides that a trial court may require the offender to serve multiple prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any one of three facts specified in subdivisions (a), (b), and (c)." *State v. Leet,* 2nd Dist. Montgomery No. 25966, 2015–Ohio–1668, ¶ 15 (internal quotations and brackets omitted).

**{¶17}** In the case *sub judice*, the trial court made the following written findings in accordance with the language of R.C. 2929.14(C)(4), *supra*:

*** [T]he Court further found that the imposition of consecutive sentences are necessary to protect the public from future crime or to punish the Defendant, and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct, and to the danger the Defendant poses to the public.

At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the

multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the Defendant's conduct.

The Defendant's criminal conduct in this case demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender and to punish the Defendant.

**{¶18}**  Judgment Entry, July 17, 2017, at 5.

**{¶19}**  The court also made oral findings under R.C. 2929.14(C)(4) on the record at the end of the sentencing hearing. *See* Sentencing Tr. at 55-56.

**{¶20}**  The record in this matter reveals that appellant's acts of theft, misrepresentation, and securities fraud cost some of his victims their entire life savings, causing some to postpone their retirement plans indefinitely and remain in the workforce. One of the victims and her husband were hoping to grow their investment for use in funding their daughter's education.  Appellant falsely told his investors he held a valid securities license in Florida and repeatedly produced fictionalized investment statements to avoid inquiry into his activities. He also falsely assured his victims that he had purchased a policy through Goldman Sachs to limit principal losses.  Appellant presently argues that the trial court failed to consider that he was a first-time offender, an honorably discharged veteran, a former foster parent, and the married father of two adopted children. He also points out that there was no indication of a substance abuse or gambling issue in his life. However, a presumption of regularity attaches to all trial court proceedings. *See, e.g., Black v. Chiropractic Assocs. of Zanesville, L.L.C.,* 5th Dist. Muskingum No. CT2013–0012, 2014–Ohio–192, ¶ 20, citing *Chari v. Vore* (2001), 91

Ohio St.3d 323, 325, 744 N.E.2d 763. Upon review, we hold the trial court adequately reviewed the matter of consecutive sentences, and we find no clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.14(C)(4) for purposes of imposing consecutive sentences. *Deeb, supra.*

{¶21} Appellant's First Assignment of Error is therefore overruled.

II.

{¶22} In his Second Assignment of Error, appellant contends his consecutive sentences are a form of cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. We disagree.

{¶23} The Eighth Amendment to the United States Constitution prohibits excessive sanctions by the government. It provides as follows: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." *See*, *also*, Section 9, Article I of the Ohio Constitution. It is well-established that sentences do not violate these constitutional provisions against cruel and unusual punishment unless the sentences are so grossly disproportionate to the offenses as to shock the sense of justice in the community. *See State v. Chaffin,* 30 Ohio St.2d 13, 282 N.E.2d 46 (1972). As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment. *State v. Stevens*, 5th Dist. Stark No. 2017CA00024, 2017-Ohio-8692, ¶ 10, quoting *McDougle v. Maxwell,* 1 Ohio St.2d 68, 69, 203 N.E.2d 334 (1964).

{¶24} Proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the

sentences imposed for commission of the same crime in other jurisdictions. *State v. Morin,* 5th Dist. Fairfield No. 2008–CA–10, 2008–Ohio–6707, ¶ 69, citing *Solem v. Helm,* 463 U.S. 277, 290–292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). However, *i*n *State v. Hairston,* 118 Ohio St.3d 289, 2008–Ohio–2338, ¶ 20, the Ohio Supreme Court held that "[w]here none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment." Thus, Eighth Amendment proportionality review does not apply to consecutive sentences. *State v. Williams*, 1st Dist. Hamilton No. C-160336, 2017-Ohio-8898, 101 N.E.3d 547, ¶ 31, citing *Hairston* at ¶ 20.

**{¶25}** Under the circumstances of the case *sub judice*, while appellant cogently contrasts his twenty-one and one-half year aggregate prison term with a number of Ohio, out-of-state, and federal cases in his well-researched argument, we find appellant cannot overcome the barrier of *Hairston* in regard to the consecutive nature of his overall sentence.

**{¶26}** Appellant's Second Assignment of Error is therefore overruled.

III.

**{¶27}** In his Third Assignment of Error, appellant contends the trial court erred in sentencing him to a consecutive thirty-month prison term under Count 51, misrepresentation in the sale of a stock, involving the victim Clarence S. We disagree.

**{¶28}** Pursuant to *Marcum*, *supra*, this Court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under relevant statutes, or (2) the

sentence is otherwise contrary to law. *State v. Harris*, 5th Dist. Muskingum No. CT2018-0005, 2018-Ohio-2257, ¶ 25. Clear and convincing evidence is that evidence which will provide a firm belief or conviction as to the facts sought to be established. *See State v. Phillips*, 5th Dist. Ashland No. 17 COA 012, 2018-Ohio-143, ¶ 19, citing *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶29}** Appellant first urges that the trial court's issuance of a sentence on Count 51 ignored the recent Victims' Rights Amendment to the Ohio Constitution. The amendment provides, among other things, that a crime victim shall have the right, "which shall be protected in a manner no less vigorous than the rights afforded to the accused," *** "to be heard in any public proceeding involving release, plea, sentencing, disposition, or parole, or in any public proceeding in which a right of the victim is implicated[.]" Ohio Constitution, Article I, Section 10a(A)(3).

**{¶30}** While appellant presents an interesting question of the impact of the aforesaid constitutional provision on aspects of Ohio sentencing law, the new amendment was not adopted until after appellant's sentencing. We therefore find his constitutional argument lacks merit.

**{¶31}** On more general grounds, we agree with the State's responsive contention that the existence of a victim's request for mercy on a defendant does not amount to clear and convincing evidence warranting appellate modification of a sentence. It appears undisputed that the trial court read and considered a letter from Clarence S. (who is married to a close relative of appellant) expressing that he did not want appellant to receive an additional prison sentence. However, the court, in its discretion, did not accept

the plea for mercy made by Clarence. Under these circumstances, we find no grounds to reverse or alter appellant's Count 51 sentence pursuant to the mandates of R.C. 2953.08.

**{¶32}**  Appellant's Third Assignment of Error is overruled.

**{¶33}**  For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.

By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J., concur.

JWW/d 0809